**Bishop P. PARRISH, Appellant,**

v.

**Robert C. SEAMANS, Jr., United States Secretary of the Air Force, Appellee.**

**No. 72-2056.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1973.

Decided Oct. 9, 1973.

George W. Gregory, Jr., Cherow, S. C., for appellant.

Wistar D. Stuckey, Asst. U. S. Atty. (John K. Grisso, U. S. Atty., on brief), for appellee.

Before CRAVEN and RUSSELL, Circuit Judges, and MURRAY, District Judge.

HERBERT F. MURRAY, District Judge:

The appellant was tried by a general court martial in Japan during the period of March 7 to 26, 1955. He was convicted of conspiracy to misuse public funds (Article 81 of the Uniform Code of Military Justice; 10 U.S.C. § 881); of the offense of misuse of public funds; of two offenses of wrongful appropriation of government-owned property; and of two offenses of false swearing. Sentenced to dismissal from the service, total forfeitures of all pay and allowances,

and confinement at hard labor for two years, appellant had his case reviewed by the Air Force Board of Review which set aside the findings of guilty with regard to one of the false swearing specifications and both of the wrongful appropriations specifications. Further, the Board reduced the sentence to one year. Appellant next petitioned the United States Court of Military Appeals for a review of his case, and, on August 31, 1956, that court affirmed the decision of the Board of Review. Appellant further appealed to the Air Force Board for Correction of Military Records and this Board, by the authority of 10 U.S.C. § 1552, changed appellant's record to show that he had been administratively discharged with an honorable discharge certificate.

On December 23, 1971, appellant instituted this suit in the United States District Court for the District of South Carolina, alleging that his conviction violated several of his constitutional rights. He sought to have his military trial and conviction declared unconstitutional and void, and he requested that a Writ of Mandamus be issued, compelling the Secretary of the Air Force to restore all forfeited rank, pay, allowances, entitlements and privileges. The district court found that mandamus was not the proper remedy and that appellant should have sought relief in the Court of Claims, not the district court. Parrish v. Seamans, 343 F.Supp. 1087 (D. South Carolina 1972).

Parrish alleges that the Court of Claims cannot provide an available adequate remedy, that he "can receive a money judgment only" from that court, and that he "is entitled to have his conviction declared unconstitutional and null and void, to be restored to his former rank of Colonel, to have his records cleansed of a criminal conviction, to be awarded retirement pay which he shall receive until his death."

On August 29, 1972, the jurisdiction of the Court of Claims was amended to include in part:

To provide an entire remedy and to complete the relief afforded by the judgment, *the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records,* and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

28 U.S.C. § 1491 [Emphasis added].

Furthermore, as pointed out by the appellee, appellant may be able to request a review of his conviction before the United States Court of Military Appeals based on their decision in United States v. Jacoby, 11 USCMA 428, 29 CMR 244 (1960). That decision, filed after appellant's conviction, held that members of the armed services are entitled to confront the witnesses against them.[1] In any event, it is certain that mandamus is an extraordinary remedy which is not appropriate under these circumstances where other avenues of relief are available. The judgment of the district court is, therefore,

Affirmed.

---

1. Appellant's primary objection to the trial in Japan was the use of depositions in lieu of witnesses.