**Larry Dean TURNER, Plaintiff,**

v.

**Clarence M. KELLEY, Director, Federal Bureau of Investigation, and Individually, Defendant.**

**No. 76–65–C3.**

United States District Court,
D. Kansas.

April 30, 1976.

Larry Dean Turner, pro se.

No appearance for defendant.

## MEMORANDUM AND ORDER

STANLEY, Senior District Judge.

This action was commenced December 31, 1975, in the United States District Court for the District of Columbia where it was lodged by the petitioner, pro se, and where he was granted leave to proceed in forma pauperis. On January 6, 1976, that court on its own motion issued an order to show cause why the case should not be transferred to this district. On January 16, 1976, the petitioner, an inmate of the United States Penitentiary, Leavenworth, Kansas, filed written objection to the proposed transfer in which he alleged that he was a resident of the Western District of Oklahoma, had no place of business in the District of Kansas, and challenged the jurisdiction of this court. On January 22, 1976, the District of Columbia court, finding that no adequate response had been made to the Order to Show Cause, ordered the transfer of the cause to this district.

The United States Court of Appeals for the District of Columbia requested delay of the transfer pending disposition in that court of a related case and the files and records therefore were not mailed until April 2, 1976, and were received by the clerk of this court on April 6, 1976.

This action arises under the Freedom of Information Act, 5 U.S.C.A. § 552. Jurisdiction is predicated on 5 U.S.C.A. § 552(a) and on 28 U.S.C.A. § 1361 giving United States District Courts jurisdiction of actions "in the nature of mandamus to compel an

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff". Mandamus is an extraordinary remedy not appropriate where other avenues of relief are available. *Parrish v. Seamans*, 485 F.2d 571 (4th Cir. 1973); *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379. This is particularly true where a statutory remedy exists and the rule is not changed by the provisions of 28 U.S.C.A. § 1361. *Wilmot v. Doyle*, 403 F.2d 811 (9th Cir. 1968). Mandamus is not an alternative remedy when other adequate relief is at hand and may be utilized only when there is a lack of other remedies. *Parrish v. Seamans*, 343 F.Supp. 1087 (D.S.C.1972), *aff'd*, 485 F.2d 571 (4th Cir. 1973).

Here the relief sought is that explicitly spelled out by 5 U.S.C.A. § 552. That section grants jurisdiction to the district court (1) in which the complainant resides or has his usual place of business or (2) in which the agency records are situated or (3) in the District of Columbia. The agency involved is the Federal Bureau of Investigation and it is judicially noticed that the records of that bureau are situated in the District of Columbia. The action may be maintained in this district only if the plaintiff resides in or has his usual place of business in this district. There is no showing that the plaintiff is a resident of this district or that he has a place of business here. He says that neither condition exists. Unless therefore, the fact of his incarceration in this district makes him a resident of Kansas, he may not maintain this action in this district.

Mr. Justice Reed, speaking for the court in *McGrath v. Kristensen*, 340 U.S. 162, 175, 71 S.Ct. 224, 232, 95 L.Ed. 173, 184, quoted with approval from the opinion of the Court of Appeals in *Carroll v. United States*, 133 F.2d 690 (2nd Cir. 1943):

"But there is substantial unanimity that, however construed in a statute, residence involves some choice, again like domicile, and that presence elsewhere through constraint has no effect upon it".

■ A prisoner's residence is the district of his domicile before his incarceration. *United States v. Kahane*, 396 F.Supp. 687 (E.D.N.Y.1975); *Dreyer v. Jalet*, 349 F.Supp. 452 (S.D.Tex.1972), *aff'd*, 479 F.2d 1044 (5th Cir. 1973); *Ott v. United States Board of Parole*, 324 F.Supp. 1034 (W.D.Mo. 1971). One does not change his residency to a prison by being incarcerated there. *Cohen v. United States*, 297 F.2d 760 (9th Cir. 1962), *cert. denied*, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84. See *Wren v. Carlson*, 165 U.S.App.D.C. 70, 506 F.2d 131, 134 n. 23 (1974).

■ 28 U.S.C.A. § 1404(a) must be construed with reference to the provisions of 5 U.S.C.A. § 552 delimiting the districts in which an action under that section may be brought. *VanDusen v. Barrack*, 376 U.S. 612, 624, 84 S.Ct. 805, 813, 11 L.Ed.2d 945, 954. The agency records not being situated in this district, and the plaintiff not being a resident of this district or one maintaining a place of business within this district, this court lacks jurisdiction over this action and the transferor court was not empowered to order the transfer to this district. *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254, 1261. It is

ORDERED that this action be transferred to the United States District Court for the District of Columbia and that the clerk forthwith transmit the court files in this action to the clerk of the United States District Court for the District of Columbia.