Lieutenant Alice C. COOK, Appellant,

v.

Rear Admiral Williard P. ARENTZEN, as Director/Commanding Officer, James Schlessinger, Secretary of Defense, John W. Warner, Secretary of the Navy, United States Navy, and United States of America, Appellees.

No. 76–1359.

United States Court of Appeals, Fourth Circuit.

Argued on Rehearing Oct. 4, 1977.

Decided Sept. 19, 1978.

---

C. T. Neale, III, Newport News, Va. (Hudgins & Neale, Newport News, Va., on brief), for appellant.

Arthur P. Leary, III, Dept. of the Navy, Washington, D. C. (Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., and John D. Faught, Dept. of the Navy, Reston, Va., on brief), for appellees.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

WIDENER, Circuit Judge:

This case involves the jurisdiction of the United States District Court in a suit which is against the United States Navy and the United States Government.

At the time of her separation from the Regular Navy in 1967, the plaintiff, Lt. Alice Cook, was a lieutenant commander in the Nurse Corps, in which she had served over 13 years. After discovering in December 1966 that she was pregnant, she notified her superior officer that her baby was due in late July 1967. The captain instructed her to resign her commission immediately and to request removal from active duty due to pregnancy. Upon further inquiry, she was told by the personnel officer that if she did not resign, her commission would be involuntarily terminated. She accordingly submitted her resignation on December 29, 1966, and was separated from the Navy on January 30, 1967.

Following the birth of her child, Lt. Cook explored the possibility of getting her commission reinstated. While she was pursuing her administrative remedies, she was advised there was another way, although not as good. On August 31, 1971, she was appointed a lieutenant in the Naval Reserve (Nurse Corps) and was called to active duty on September 10th of that year. She apparently yet serves in that rank.

Lt. Cook exhausted her administrative remedies and then brought this suit, seeking reinstatement in the Regular Navy at the rank of commander, backpay, damages, and a declaration that the regulation subjecting her to termination for pregnancy, and under which she was separated, was unconstitutional.

The district court decided the case for the defendants on the merits, and the plaintiff appealed. A panel of this court reversed the district court, again on the merits, but later set a petition for rehearing for oral argument.

On rehearing, issues were raised regarding the jurisdiction of the court. We are of opinion the district court lacked jurisdiction to consider Lt. Cook's claim.[1] We now withdraw our previous opinion, expressing no opinion on the question there decided, and remand the case to the district court with directions that it be transferred to the Court of Claims.

In her complaint, Lt. Cook requests compensation for pay she did not receive in the sum of $84,444.00 and compensation in the sum of $100,000.00 as damages for deprivation of her civil rights, reinstatement in the Regular Navy with the rank of Commander, with pay and retirement status that she would have achieved had she been allowed to advance, reestablishment of her precedence in line with her contemporaries, and a declaratory judgment that the regulation involved is unconstitutional.

Although not until the petition for rehearing were the issues regarding juris-

---

1. Although it denied Lt. Cook's claim for relief on the merits, the district court held that it had jurisdiction to consider the case. All defendants are either officers of the United States sued in their official capacities, or an agency of the United States. No damages are sought against the officers in their individual capacities. The suit is in fact a case against the United States. *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). We do not mean to imply that the court lacked jurisdiction to entertain a suit against such an officer for injunctive relief for violating the Constitution, but we do not think the Tucker Act may be circumvented by asking for damages against an officer in his official capacity.

diction brought to our attention, the jurisdiction of the district court was challenged there. The court held it had jurisdiction. We should consider the question. See F.R. C.P. 12(h)(3).

In her complaint, Lt. Cook relies upon 28 U.S.C. § 1331 (the general federal question statute); 28 U.S.C. § 1346(a)(2) (the Tucker Act); 28 U.S.C. § 1361 (the mandamus statute); and 5 U.S.C. §§ 702, 703, and 704 (the Administrative Procedure Act) as bases for jurisdiction. She also asked for a declaratory judgment. The district court expressly found it had jurisdiction under 28 U.S.C. § 1361 (mandamus); 28 U.S.C. § 2201 (the declaratory judgment act); and 5 U.S.C. §§ 701, et seq. (the Administrative Procedure Act). It expressed no opinion on whether it had jurisdiction under § 1331 or the Tucker Act, § 1346(a)(2), but recited more than $10,000.00 was involved.

## I.

■ Insofar·as plaintiff's claim for monetary recovery is based upon 28 U.S.C. § 1346(a)(2) (the Tucker Act), it is clear that the district court had no jurisdiction because the amount of the claim exceeded $10,000.00 and the Court of Claims had exclusive jurisdiction. Section 1346 provides, in pertinent part:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \* \* \*.

"(2) Any other civil action or claim against the United States, *not exceeding $10,000 in amount*, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . ." (Emphasis added).

A most recent case holding that the jurisdiction of United States District Courts is limited to $10,000.00 in cases brought under the Tucker Act is *Polos v. United States*, 556 F.2d 903 (8th Cir. 1977). In that case, a former technician employed by the National Guard, who was denied reinstatement after his discharge from the National Guard after active service, sued for reinstatement and back pay. The district court had founded jurisdiction upon the Administrative Procedure Act. That basis was rejected by the court upon the authority of *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Although the claimant in *Polos* formally insisted that he was entitled to reinstatement, he conceded, for reasons not here pertinent, that he could not retain his position if reappointed. Thus, his claim was regarded as substantially one for back pay. In holding that jurisdiction was lacking, the court stated:

"Polos' claim, then, is essentially one against the United States for the payment of damages. Such a claim, when in excess of $10,000, is within the exclusive jurisdiction of the Court of Claims . . . "The District Court was therefore without jurisdiction to enter the judgment complained of." 556 F.2d at 905.

The authority most relied upon in *Polos v. United States* is *Carter v. Seamans, as Secretary of the Air Force*, 411 F.2d 767 (5th Cir. 1969). That claimant was an officer who had been dismissed from the Air Force. He filed suit in the district court "for a declaratory judgment that the discharge is a nullity and to order the Secretary of the Air Force to reinstate him and to award him all of the back pay, incentive pay, allowances, and other benefits accruing from the date of discharge." 411 F.2d at 768. He also requested certain corrections in his military records. Prior to his then current action, Carter had instituted an action in the Court of Claims seeking the same relief.[2] The court reasoned[3] that,

---

**2.** That court held the case in abeyance. 28 U.S.C. § 1500 precludes the Court of Claims from adjudicating a case which is pending in another court.

**3.** The actual opinion was by the District Court for the Southern District of Texas. The decision of the district court was affirmed in a short per curiam opinion. The Court of Ap-

since plaintiff's theory was that his discharge was invalid, his suit was in essence one for money, i. e., the pay he would have received had he not been discharged. Viewed as a claim for money, the court held that it had no jurisdiction under the Tucker Act. The court's theory and conclusion is seen from the following quotation from its opinion:

"Under the circumstances the court must conclude that the claim for back pay and allowances constitutes the keystone of this entire law suit. That the complaint is cast in terms of a declaratory judgment action cannot alter the fact that what in substance is sought is a money judgment against the United States for back pay in excess of $10,000.

Simply stated the issue now becomes whether this court has jurisdiction of such a cause of action.

If, as the defendant contends, jurisdiction of the case sub judice is available only under the aegis of Section 1346, Title 28 U.S.C., there can be no doubt that this court is without power to resolve the controversy. . . . The present status of the law is that the district courts have concurrent jurisdiction with the Court of Claims over such cases, *provided* that the amount of the claim does not exceed $10,000. Since both parties admit that the claim in the instant case does exceed $10,000, it would seem that the Court of Claims is the only forum having jurisdiction unless there is some jurisdictional fount other than Section 1346." 411 F.2d at 771–72.

For further cases to the effect, or holding, that the district courts do not have jurisdiction over cases under the Tucker Act (28 U.S.C. § 1346(a)(2)) involving more than $10,000.00, see *Crawford v. Cushman*, 531 F.2d 1114, 1126, n. 17 (2d Cir. 1976); *Clark v. Goode*, 499 F.2d 130, 134 (4th Cir. 1974); *Warner v. Cox*, 487 F.2d 1301 (5th Cir. 1974); *Mathis v. Laird*, 483 F.2d 943 (9th Cir. 1973); *Putnam Mills Corp. v. United States*, 432 F.2d 553, 554 (2d Cir. 1970);

*Parrish v. Seamans*, 343 F.Supp. 1087, 1092–93 (D.S.C.1972), aff'd, 485 F.2d 571 (4th Cir. 1973).

Nor does the 1976 amendment to the general federal question statute, 28 U.S.C. § 1331, avail the plaintiff. The pertinent language follows:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States *except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.*" (Emphasis supplied).

The emphasized language above was added by the 1976 amendment. It is highly significant in that it changes the defense of sovereign immunity so far as suits against the United States under 28 U.S.C. § 1331 are concerned. It is clear, however, that Congress did not intend to change the jurisdiction of United States District Courts so far as money judgments are concerned. The report of the House Judiciary Committee states:

"Congress has made great strides toward establishing monetary liability on the part of the Government for wrongs committed against its citizens by passing the Tucker Act of 1875, 28 U.S.C. sections 1346, 1491, and the Federal Tort Claims Act of 1946, 28 U.S.C. section 1346(b). S. 800 would strengthen this accountability by withdrawing the defense of sovereign immunity in actions seeking relief *other than money damages,* such as an injunction, declaratory judgment, or writ of mandamus. Since S. 800 would be limited only to actions of this type for specific relief, *the recovery of money damages* contained in the Federal Tort Claims Act and the Tucker Act governing contract actions *would be unaffected.*" 1976 U.S. Code Congressional and Administrative

---

peals regarded the opinion by the district court to be "carefully reasoned and well-written" and

attached it as an appendix. See footnote 6, infra.

News, 94th Congress, 2d Session, Vol. 5, p. 6124–25. (Leg.Hist.)

And again, in its conclusion, the House Report states, at p. 6140:

"The partial elimination of sovereign immunity will facilitate non-statutory judicial review of Federal administrative action without affecting the existing pattern of statutory remedies, without disturbing the established law of judicial review, *without exposing the Government to new liability for money damages,* and without upsetting Congressional judgments that a particular remedy in a given situation should be the exclusive remedy." (Emphasis supplied).

## II.

As we have recited, the district court found it had jurisdiction under mandamus (28 U.S.C. § 1361), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedure Act (5 U.S.C. §§ 701, et seq.). Plaintiff relies upon those and also upon general federal question jurisdiction (28 U.S.C. § 1331).

In several of the authorities previously referred to, it was contended that alternate bases of jurisdiction existed. See, for example, *Polos v. United States,* 556 F.2d 903 (8th Cir. 1977), *Carter v. Seamans,* 411 F.2d 767 (5th Cir. 1969), *cert. den.,* 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970), and *Mathis v. Laird,* 483 F.2d 943 (9th Cir. 1973). But in each of them it was held that the suit for reinstatement was essentially a suit for back pay and thus subject to the defense of sovereign immunity unless brought under the Tucker Act. Typical is footnote 5 of the *Polos* opinion:

"*Polos* advances several alternate bases for jurisdiction: the mandamus statute (28 U.S.C. § 1361); the federal question statute (28 U.S.C. § 1331); the insurance statutes (5 U.S.C. § 8715); and the Selective Service Act (50 U.S.C.App. § 459(d)) [now 38 U.S.C. § 2022]. There are serious problems with each of these as a source of jurisdiction to enter the judgment below. It is sufficient for our purposes that use of any of these statutes to entertain a claim and to grant a judgment for damages greater than $10,000 would infringe on the exclusive jurisdiction of the Court of Claims."

It is troublesome that in the three cases just cited the claim for back pay was the clear aim of the plaintiff. Demands for reinstatement were pertinent principally to furnish a basis for the demand for back pay. Such here is not the case. Lt. Cook insists upon reinstatement under her earlier commission and back pay.[4] We therefore consider the other asserted grounds for jurisdiction.

## III.

The Administrative Procedure Act (5 U.S.C. §§ 701, et seq.) and the Declaratory Judgment Act (28 U.S.C. § 2201), should not have been relied upon by the district court, for neither act is a basis for jurisdiction.

The Supreme Court has, since the decision of the district court, decided that the Administrative Procedure Act does not provide a basis for jurisdiction in the United States District Courts in *Califano v. Sand-*

---

4. The following quotation is from plaintiff's Supplemental Brief on Petition to Rehear, page 1:

". . . Appellant asserts that if the Court takes the position that it cannot award back pay in this case, then it inevitably takes the position that it has no meaningful power to issue a writ of mandamus or to order an injunction in cases involving wrongful termination by the United States. It is not disputed that this Court can enjoin the government from firing a person or order the government to rehire a person *nunc pro tunc.* To say that such injunction or such order to rehire cannot be coupled with an order to pay the person's salary makes the relief meaningless. . . . This is the logical conclusion of the position advanced by the Appellees that there is no jurisdiction to award the back pay. Back pay is a necessary and inevitable part of an injunction or an order in the nature of mandamus. . . ." Thus it appears that plaintiff may be agreeing with the Court's reasoning in *Polos v. United States, Carter v. Seamans,* and *Mathis v. Laird,* but using it to reach the opposite conclusion.

*ers*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Prior to *Califano*, courts of appeals and commentators were divided upon the issue.[5]

That the Declaratory Judgment Act (28 U.S.C. § 2201) is not a basis for jurisdiction in the district courts is at once apparent from the wording of the Act itself:

"In a case of actual controversy *within its jurisdiction* . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (Emphasis supplied).

A literal reading of the statute has been decided by the United States Supreme Court in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), in which the Court states:

" '[T]he operation of the Declaratory Judgment Act is procedural only.' *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 [57 S.Ct. 461, 463, 81 L.Ed. 617]. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. . . ." 339 U.S. at 671, 70 S.Ct. at 879.

## IV.

Plaintiff also contends that jurisdiction for her claims may be founded on the mandamus statute, 28 U.S.C. § 1361. We believe, however, that the district court's conclusion that there was mandamus jurisdiction is not well taken.

 Historically, as well as under § 1361, the writ of mandamus had been considered an extraordinary remedy, to be issued only under extraordinary circumstances. Thus, in order to demonstrate a right to the issuance of the writ, the plaintiff must show:

(1) that a public official has a plain duty to perform certain acts; (2) that the plaintiff has a plain right to have those acts performed; and (3) that there exists no other adequate remedy by which the plaintiff's rights can be vindicated. *Moore's Federal Practice* ¶ 0.62[17], p. 700.51.

 In our opinion, mandamus relief for Lt. Cook is foreclosed by our opinion in *Parrish v. Seamans*, 485 F.2d 571 (4th Cir. 1973). The facts of our case do not differ from *Parrish* in any significant way. The plaintiff in *Parrish* had been court-martialed and separated from the Air Force, which later administratively found his discharge to be honorable. He sued in federal district court to have his military trial and court-martial declared void and for a writ of mandamus to compel the Air Force to restore all forfeited rank, pay, entitlements, and privileges. We held that, because the plaintiff could receive a full remedy in the Court of Claims, mandamus relief was not available. As we discuss below, Lt. Cook, like Parrish, can obtain in the Court of Claims all of the relief she prays for; thus, she has an adequate remedy outside of mandamus, and this extraordinary relief is foreclosed.

Under § 1361, there is a similarity in the statement of the jurisdictional basis of the claim and the statement of the elements of a cause of action for mandamus. *City of Milwaukee v. Saxbe*, 546 F.2d 693 (7th Cir. 1976). If, because of the absence of any of the three prerequisites to the issuance of a writ of mandamus, mandamus relief is not available to the plaintiff, the court has no jurisdiction under § 1361. *McGaw v. Farrow*, 472 F.2d 952, 956 (4th Cir. 1973); *National Treasury Employees Union v. Nixon*, 160 U.S.App.D.C. 321, 326, 492 F.2d 587, 592 (1974); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 946–947 (2d Cir. 1976); *City of Milwaukee v. Saxbe*, supra. See also *Kahane v. Carlson*, 527 F.2d 492 (2d

---

**5.** The conflicting authorities are collected in footnotes 4 and 5, 430 U.S. at page 104, 97 S.Ct. 980. We state in candor the holding of the district court was not out of line with circuit precedent as listed in footnote 4. See *Deering Milliken, Inc. v. Johnston*, 295 F.2d 856 (4th Cir. 1961).

Cir. 1975) (Judge Friendly concurring). We should add that we think the jurisdiction spoken of in these cases refers to the power of any court to grant the relief prayed for, see *In re Sawyer*, 124 U.S. 200, 8 S.Ct. 482, 31 L.Ed. 402 (1888), rather than that of a federal court to entertain a question authorized by statute. Cf. *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 6 L.Ed. 204 (1824); *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

The argument of the plaintiff that the Court of Claims cannot give her the relief which she seeks because of its claimed inability to issue injunctions is without merit. In 1972, Congress amended 28 U.S.C. § 1491 to include the following provision:

". . . To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."

This court relied on the 1972 amendment in *Parrish v. Seamans*, 485 F.2d 571, 572 (4th Cir. 1973), to hold that a plaintiff not dissimilarly situated to Lt. Cook had an adequate remedy in the Court of Claims, describing the plaintiff's claim as follows:

"Parrish alleges that the Court of Claims cannot provide an available adequate remedy, that he 'can receive a money judgment only' from that court, and that he is 'entitled to have his conviction declared unconstitutional and null and void, to be restored to his former rank of Colonel, to have his records cleansed of a criminal conviction, to be awarded retirement pay which he shall receive until his death.'

On August 29, 1972, the jurisdiction of the Court of Claims was amended to include in part:" (The court then quotes the same statutory passage as is quoted above).

See also *Polos v. United States*, 556 F.2d 903 (8th Cir. 1977).

Nevertheless, the plaintiff relies upon the following cases for the proposition that the Court of Claims cannot restore Lt. Cook to her former commission and give her otherwise the relief she seeks: *Lee v. Thornton*, 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Richardson v. Morris*, 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973); *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969); *Glidden Company v. Zdanok*, 370 U.S. 530, 557, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1961); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), and *United States v. Jones*, 131 U.S. 1, 9 S.Ct. 669, 33 L.Ed. 90 (1889). Only the first two of these cases were decided after the 1972 amendment. Those decided prior to the amendment would obviously not be in point.

The 1972 amendment refers in plain terms to discharged employees, such as Lt. Cook. It authorizes specific equitable type relief to the extent of "directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." Neither *Lee* nor *Richardson* involved such relief. *Lee* involved the constitutionality of certain provisions of customs laws which mandate procedures to effect forfeitures. There the Court held that a three judge district court could not, under the Tucker Act, 28 U.S.C. § 1346(a)(2), enjoin the appropriate federal officials from applying the customs laws except as construed by the district court. *Richardson* involved an action by illegitimate children to enjoin enforcement of provisions of the Social Security Act disadvantageous to them. The Supreme Court held that such action could not be taken by the district court under 28 U.S.C. § 1346(a)(2). Obviously, neither case is in point because the 1972 amendment could not be applied in them. But the 1972 amendment is clearly applicable in the case now before us, and we think it points the way to the relief Lt. Cook should have sought.

## VI.

■ Assuming that Lt. Cook might have sought injunctive or declaratory relief under § 1331 in the district court if not coupled with a claim for damages in excess of $10,000.00, we are of opinion that when she insists on coupling her claim for injunctive or declaratory relief with her claim for damages, her proper jurisdictional base is 28 U.S.C. § 1491 (in the Court of Claims) and not § 1331 or the other statutes we have discussed.[6] Section 1491 provides in terms a forum in which Lt. Cook may try her case on the merits and, if meritorious, receive the relief she requests. To hold as she asks, that the joining of declaratory or injunctive relief with her damage claim is sustainable on the jurisdictional base of § 1331, would expand the jurisdiction of the district courts beyond that which we think Congress intended. Indeed, in such a case as Lt. Cook's, to hold for her would make the jurisdiction of the district court coextensive with the Court of Claims. The Tucker Act, 28 U.S.C. § 1346(a)(2), again in terms, limits the jurisdiction of the district courts on account of such claims to the maximum amount of $10,000.00, which we are without power to extend. F.R.C.P. 82.

## VII.

We are empowered to, and should, transfer this case to the Court of Claims. 28 U.S.C. § 1406(c) provides:

"(c) If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court."

■ We think it to be "in the interest of justice" that this case be transferred to the Court of Claims. If it decides in her favor on the merits, that court can give Lt. Cook the relief which she requests, which the

district court cannot do. The district court cannot give her a money judgment in excess of $10,000.00 against the United States even under the 1976 amendment to 28 U.S.C. § 1331. It is also persuasive that, because only the Court of Claims may award the damages claimed by the plaintiff, if any are to be awarded, that court should be permitted to decide the basic questions of law upon which relief must be predicated.

The judgment appealed from is vacated and the case is remanded to the district court with directions to transfer the case to the Court of Claims.

*VACATED AND REMANDED WITH DIRECTIONS.*

Navy was invalid, Lt. Cook may obtain an adjudication of its invalidity in the Court of Claims as a prerequisite to injunctive and money relief.

---

6. We do not imply that the Court of Claims may enter a declaratory judgment. *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). But if the action of the