**David B. SALZMAN, Plaintiff,**

**v.**

**John C. STETSON, Secretary of the Airforce, and the United States Air Force, Defendants.**

Civ. A. No. 78–807.

United States District Court, W. D. Pennsylvania.

July 6, 1979.

Grace S. Harris, Pittsburgh, Pa., for plaintiff.

Craig R. McKay, Asst. U. S. Atty., Pittsburgh, Pa., for defendants.

## MEMORANDUM

COHILL, District Judge.

After completing an Air Force Reserve Officers' Training Corps program, plaintiff David B. Salzman received his commission from the Air Force despite an eye condition requiring medication. A day later, the decision was made that plaintiff had been erroneously certified as medically fit for service in light of Air Force Regulation (AFR) 160–43, and plaintiff was offered the choice of resigning his Commission or requesting a transfer to the retired reserve. Plaintiff chose the latter option. He subsequently brought suit here against the Secretary of the Air Force and the Air Force, seeking review of their actions, a declaration that the plaintiff was "wrongfully and unconstitutionally deprived of his Commission," and reinstatement or money damages. Asserting a lack of subject matter jurisdiction and failure to state a claim, the defendants moved to dismiss the Amended Complaint, which predicates jurisdiction solely on 28 U.S.C. § 1331.

In general, sovereign immunity bars an action against a federal officer for acts done in his official capacity if a decree for plaintiff would affect the government's "fiscal, proprietary or programmatic interests in some way." 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3655 (1976). Because defendant Stetson is sued in his official capacity (see Amended Complaint, ¶¶ 2, 4) and the Air Force is a government agency, sovereign immunity bars this action except to the extent Congress has waived the immunity. See, e.g., Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); Cook v. Arentzen, 582 F.2d 870, 872 n. 1 (4th Cir. 1978).

For instance, sovereign immunity is waived by the Administrative Procedure Act, 5 U.S.C. § 702, *as to equitable relief only*, in "nonstatutory review of agency action under 28 U.S.C. § 1331." *Jaffee v. United States*, 592 F.2d 712 (3d Cir. 1979). Thus, we have jurisdiction under 28 U.S.C. § 1331, regarding plaintiff's request to review the defendants' actions and order reinstatement.

As for plaintiff's claims for money damages against the defendants, the Tucker Act, 28 U.S.C. § 1346(a)(2), waives sovereign immunity and gives district courts concurrent jurisdiction with the Court of Claims over certain claims against the United States not exceeding $10,000. Claims in excess of $10,000 can be litigated only in the Court of Claims. *Cook v. Arentzen, supra.* Because plaintiff is seeking damages in excess of $71,000 as an alternative to reinstatement, such money damages would be barred by sovereign immunity, and we would infringe on the Court of Claims exclusive jurisdiction if we entered such a judgment. *Cook v. Arentzen, supra.*

Not to the contrary is *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1971), which focused on the justiciability of an action against the military that was based on an alleged unconstitutional discharge, since the complaint in *Mindes* sought equitable relief *only*. 453 F.2d at 198. *Saal v. Middendorf*, 427 F.Supp. 192 (N.D.Cal.1977), which upheld jurisdiction under 28 U.S.C. § 1331 in a suit seeking injunctive relief and damages against the Secretary of the Navy in his official capacity, fails to discuss sovereign immunity, and we therefore do not find it persuasive on the issue.

We accordingly will enter an order granting the motion to dismiss but allowing the plaintiff the options to proceed (1) here under § 1331 seeking equitable relief only, (2) here under the Tucker Act waiving damages in excess of $10,000 (*see, e.g., Vander-Molen v. Stetson*, 187 U.S.App.D.C. 183, 185, 571 F.2d 617, 619 n. 2 (1977), or (3) in the Court of Claims under the Tucker Act.