The UNIVERSITY OF MARYLAND

v.

Max CLELAND et al.

Civ. A. No. M–77–1011.

United States District Court,
D. Maryland.

Nov. 26, 1980.

Frederick G. Savage, Asst. Atty. Gen., Baltimore, Md., for plaintiff.

Gale E. Rasin, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Presently pending before the Court is defendants' motion to dismiss or, in the alternative, to transfer this action to the Court of Claims. (Paper No. 26).

### I. Statement of Facts

In this action, the University of Maryland seeks to challenge a decision of the Administrator of the Veteran's Affairs (VA) regarding the disbursement of VA In-Service Educational Benefit checks.

The University conducts an overseas college program for military personnel which is largely subsidized by VA In-Service Educational Benefits paid to eligible servicemen. In February, 1973, the University implemented a program whereby participating servicemen could assign their VA benefit checks directly to the University. Under this arrangement, the serviceman executed an agreement obligating himself to pay tuition in full at the time of registration. The serviceman then designated the University as the mailing address for his VA benefit checks and executed a power of attorney authorizing the University to negotiate his VA benefit checks and apply the proceeds to his tuition obligations. This procedure was implemented despite the general policy prohibiting the assignment of VA benefit checks to creditors. *See* 38 U.S.C. § 3101.

In 1976, Congress amended 38 U.S.C. § 3101(a) and added the following provision:

"For the purposes of this subsection, in any case where a payee of an educational assistance allowance has designated the address of an attorney-in-fact as the payee's address for the purpose of receiving his or her benefit check and has also executed a power of attorney giving the attorney-in-fact authority to negotiate such benefit check, such action shall be deemed to be an assignment and is prohibited."

This amendment became effective on December 1, 1976. Prior to the effective date, the University discontinued their benefit check assignment procedure. At that point, however, the University had already obtained powers of attorney for servicemen who had enrolled in courses and received credit, but for whom a VA benefit check had not yet been issued.

In implementing the 1976 amendment, the VA initially issued DVB Circular 20–76–84 which indicated that the University would be prohibited from negotiating any VA benefit checks after December 1, 1976, regardless of when the underlying powers of attorney were executed or whether the course work had been completed. The University therefore filed suit seeking relief which would order the disbursement of VA checks not yet mailed and would allow the negotiation of checks pertaining to pre-December 1, 1976 arrangements. During the pendency of this action, Congress passed legislation which permitted the Administrator to award equitable relief under § 3101(a). Accordingly, the Administrator could allow educational institutions to negotiate benefit checks received under a power of attorney created prior to December 1, 1976 for tuition pertaining to courses which would be completed by June of 1977.

The VA granted the University equitable relief as to VA benefit checks in the University's possession. The University maintains, however, that $900,000 in tuition remains unpaid since the VA either failed or refused to mail out benefit checks relating to pre-December 1, 1976 powers of attorney. Since these checks were not in the University's possession, they were not negotiable under Congress' remedial grant of equitable relief. The University therefore seeks an injunction ordering the Administrator to mail out the remaining benefit checks relating to pre-December 1, 1976 powers of attorney and allowing the University to negotiate those checks pertaining to course work completed by June of 1977.[1]

---

1. This court initially held that 38 U.S.C. § 211(a) precluded review of the administrative

action here (Paper 15). On appeal, however,

Presently pending before the court is defendants' motion to dismiss this case or to transfer jurisdiction to the Court of Claims. The defendants contend that the University's claim is essentially an action to collect a debt, and that, pursuant to 28 U.S.C. §§ 1346(a)(2) and 1491, the Court of Claims has exclusive jurisdiction, since the amount in controversy exceeds $10,000.

## II. Legal Analysis

28 U.S.C. § 1346(a)(2) provides, in pertinent part, that the district courts shall have original jurisdiction, concurrent with the Court of Claims, in the following instance:

> "Any civil action or claim against the United States, *not exceeding $10,000 in amount*, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

(Emphasis added). 28 U.S.C. § 1491, in pertinent part, makes the following provision regarding the jurisdiction of the Court of Claims:

> "The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States. To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. The Court of Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under the Contract Disputes Act of 1978."

Thus the Court of Claims and the district courts have concurrent jurisdiction where the amount in controversy does not exceed $10,000. The Court of Claims has exclusive jurisdiction in any such cases where the damages sought exceed $10,000.

The defendants contend that this case involves a challenge to the administrator's act of withholding VA benefit checks on both equitable and statutory grounds. The defendants therefore argue that the claim is one to recover a debt in excess of $10,000, which falls within the exclusive jurisdiction of the Court of Claims. The plaintiff, however, contends that this is an action seeking either a writ of mandamus or declaratory and injunctive relief, both of which fall within the jurisdiction of the district court.

### A. Analysis of the Recent Fourth Circuit Case Law

The issue presented is the extent to which the Court of Claims has exclusive jurisdiction over mixed cases which arguably allege claims for monetary damages along with claims for declaratory and injunctive relief.[2]

---

the Fourth Circuit held that § 211(a) applies only to review of individual claims. *University of Maryland v. Cleland*, 621 F.2d 98 (4th Cir. 1980). The case was remanded to this court for a determination on the merits.

2. The majority of the cases which have addressed this issue have done so in the context of a challenge of wrongful discharge from employment or from the armed services. In cases of that nature, the relief to be awarded potentially involves both back pay and reinstatement, along with a declaratory judgment that the discharge was improper.

The leading Fourth Circuit case on this point is *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978). In *Cook*, a female officer in the Navy reserves brought suit alleging that the Navy's pregnancy regulation, under which she was separated from the regular Navy, was unconstitutional. The plaintiff sought reinstatement in the regular Navy, back pay, damages, and a declaration that the regulation was unconstitutional. Jurisdiction was alleged pursuant to 28 U.S.C. § 1331 (general federal question), 28 U.S.C. § 1346(a)(2) (the Tucker Act), 28 U.S.C. § 1361 (mandamus), and 5 U.S.C. §§ 702, 703 and 704 (the Administrative Procedure Act). The district court found that it had jurisdiction under 28 U.S.C. § 1361, 28 U.S.C. § 2201 (the declaratory judgment act) and 5 U.S.C. § 701, *et seq.*, and therefore decided the case on the merits. On appeal, the defendants challenged the jurisdiction of the district court.

In addressing the jurisdictional issue, the Fourth Circuit initially held that "[i]nsofar as plaintiff's claim for monetary recovery is based upon 28 U.S.C. § 1346(a)(2) (the Tucker Act), it is clear that the district court had no jurisdiction because the amount of the claim exceeded $10,000.00 and the Court of Claims had exclusive jurisdiction." *Id.* at 873. *Citing Polos v. United States*, 556 F.2d 903 (8th Cir. 1977) and *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969), the Court noted that cases of this nature are, in essence, claims for damages. The Court therefore held that 28 U.S.C. § 1331 did not provide an independent basis of jurisdiction.[3] Relying on the Supreme Court's decisions in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) and *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), the Court further found that neither the Administra-

tive Procedures Act nor the Declaratory Judgment Act provided an independent basis for jurisdiction. The Court then addressed the plaintiff's jurisdictional claim under the mandamus statute.

■ As stated by the Fourth Circuit, mandamus has historically been considered an extraordinary remedy. Therefore, in order to be entitled to the issuance of the writ, a plaintiff must demonstrate:

"(1) that a public official has a plain duty to perform certain acts; (2) that the plaintiff has a plain right to have those acts performed; and (3) that there exists no other adequate remedy by which the plaintiff's rights can be vindicated."

The critical element of this test in the context of *Cook v. Arentzen, supra*, was whether the plaintiff had an adequate alternative remedy available. In this regard the Court held that mandamus relief was foreclosed by the Court's prior decision in *Parrish v. Seamans*, 485 F.2d 571 (4th Cir. 1973), since the plaintiff could obtain full relief in an action brought in the Court of Claims. The Court stressed the fact that the 1972 amendments to 28 U.S.C. § 1491 specifically provided as follows:

"To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States."

This amendment therefore extends the jurisdiction of the Court of Claims in order to provide complete relief in discharge cases.[4] Thus, since the district court was found to

---

**3.** The Court relied upon the report of the House Judiciary Committee regarding the 1976 amendment to § 1331, which eliminated the amount in controversy requirement in actions against the United States. The report specifically stated that the amendment would relate only to actions seeking "other than money damages," and that "the recovery of money damages contained in the Federal Tort Claims Act and the Tucker Act governing contract

actions would be unaffected." 1976 U.S. Code Congressional and Administrative News, 94th Congress, 2d. Session, Vol. 5, pp. 6121, 6124–25 (Leg.Hist.).

**4.** The Court noted, however, that declaratory relief is not available in the Court of Claims, citing *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

have been without jurisdiction, the Fourth Circuit remanded with directions to transfer the case to the Court of Claims.[5]

### ·B. Application in the Present Case

■ Applying the rationale of *Cook v. Arentzen, supra,* to the facts of the present case, it is clear that the plaintiff's action would only fall within the exclusive jurisdiction of the Court of Claims if the action either specifically or impliedly alleges a claim for damages against the named governmental officers in their official capacities. The complaint filed in this action seeks that, in addition to declaratory and injunctive relief, "actual damages be assessed against the individually named defendants whose actions to deprive the University of its property rights in the security interests created through the tuition financing arrangements were unconstitutional, *ultra vires,* arbitrary, capricious, and totally unwarranted." (Paper 1). At oral argument on the defendants' motion, counsel for the plaintiff represented to the court that this claim was intended to allege a cause of action only against the named governmental officers in their individual capacities. Such a claim would not fall within the jurisdiction of the Court of Claims. Thus a claim within the exclusive jurisdiction of the Court of Claims is not specifically alleged in the plaintiff's complaint.

The issue which remains is whether the plaintiff's complaint states an implied claim for monetary damages which would fall within the exclusive jurisdiction of the Court of Claims. The plaintiff may not avoid the jurisdiction of the Court of Claims merely by phrasing what would otherwise be a claim for damages in terms of declaratory and injunctive relief. Courts addressing this issue have carefully analyzed the actions before them in order to determine whether the relief requested was, in essence, a prayer for damages.

In *Melvin v. Laird,* 365 F.Supp. 511 (E.D. N.Y.1973), the plaintiff filed an action, seeking only declaratory and injunctive relief, alleging that his military conviction by general court martial violated his constitutional rights. The defendants contended that the district court lacked jurisdiction since a judgment in favor of the plaintiff would by implication give rise to liability for back pay in excess of $10,000. The district court, after carefully reviewing the legislative history of 28 U.S.C. §§ 1346 and 1491, held that the court had jurisdiction over the plaintiff's non-monetary claims. The court stated:

"In suggesting that district court jurisdiction is ousted in these circumstances, defendants ignore the manifest legislative intent that H.R. 12392 not enlarge the jurisdiction of the Court of Claims; the new equitable relief was meant to be collateral only. Our system of federal courts, fortunately, requires no such circuitous route to relief as suggested by defendants; a litigant is not required to resort to claiming monetary relief from the Court of Claims solely for purposes of appending a non-monetary claim which constituted the relief the party was really seeking to begin with.

Claims of serious constitutional deprivations have been alleged in this cause. Only in the face of the clearest of Congressional intentions could the powers of this court to come to grips with claims of such dimension be ousted by the availability of monetary relief from the Court of Claims."

*Melvin v. Laird, supra,* at 519. *See also Bruzzone v. Hampton,* 433 F.Supp. 92 (S.D. N.Y.1977).

The District Court for the Southern District of New York recently addressed this issue in the context of a non-discharge case. In *Wingate v. Harris,* 501 F.Supp. 58 (S.D. N.Y.1980), the plaintiffs brought an action against the Secretary of HEW seeking an order that the secretary reimburse the plaintiffs for certain costs incurred under the state Medicaid program. HEW had decertified certain New York programs for

---

5. *See also Clark v. United States,* 596 F.2d 252 (7th Cir. 1979) which followed the *Cook v. Arentzen* rationale.

alleged noncompliance with federal regulations regarding Medicaid. Accordingly, the state no longer received federal funds for the Medicaid services provided by these nursing homes. The plaintiffs filed suit alleging that HEW is required to continue federal financial participation, even after decertification, pending completion of administrative appeal and judicial review of the decertification. The defendant sought to dismiss the action on jurisdictional grounds. The court framed the issue as follows:

"The determination of whether a case falls within the exclusive jurisdiction of the Court of Claims or the more general jurisdiction of the district court depends upon a proper construction of plaintiffs' claims. If, as plaintiffs argue here, this case is truly one for injunctive and declaratory relief to compel the Secretary to perform her duty under the law as plaintiffs construe it, then jurisdiction is proper in this court under 28 U.S.C. § 1331 and 1361. On the other hand, if the principal relief sought is an award of damages in excess of $10,000, then under the Tucker Act, jurisdiction exists only in the Court of Claims. 28 U.S.C. § 1346(a)(2), 1491.

(Citations omitted). On the facts of that case, Judge Carter held that the plaintiff's claim was principally one for damages which should have been brought in the Court of Claims.

■ The present case involves a constitutional challenge to the VA's actions in implementing the 1976 Amendment to 38 U.S.C. § 3101. The court finds that the plaintiff's complaint principally alleges a nonmonetary cause of action which is properly before this court. Although the dispute here involves funds, in that the case revolves around government benefit checks, the central issue is not properly characterized as a monetary claim. The University is clearly entitled to payment for overseas courses provided to servicemen. Similarly, the VA is obligated to issue benefit checks for course work undertaken by eligible servicemen. The only question, and the only real issue in this case, is whether the VA

should mail the benefit checks in issue directly to the University so that they may be negotiated by the University under pre-December 1, 1976 powers of attorney. Viewed in this light, the plaintiff's complaint presents constitutional challenges to the VA's implementation procedures which could warrant either declaratory or injunctive relief and constitutes a cognizable nonmonetary claim for relief which is properly within this court's jurisdiction pursuant to 28 U.S.C. § 1331.

■ As previously stated, in order for this suit to come within the mandamus jurisdiction of this court pursuant to 28 U.S.C. § 1361, the plaintiff must demonstrate "that there exists no other adequate remedy by which the plaintiff's rights can be vindicated." *Cook v. Arentzen, supra* at 876. Even assuming that the plaintiff's complaint presents a cognizable monetary claim, the declaratory and injunctive relief which the plaintiff seeks in this action cannot be obtained in the Court of Claims. Since it appears that the plaintiff may obtain adequate relief only through an action filed in the district court, and that there are no alternative remedies, jurisdiction exists under 28 U.S.C. § 1361.

### III. Conclusion

Accordingly, it is ORDERED this 26th day of *November*, 1980, by the United States District Court for the District of Maryland, that defendants' Motion to Dismiss or to Transfer this action to the Court of Claims (Paper 26) is DENIED.