Leonard P. GOWER, Appellant,

v.

John LEHMAN, Secretary of the Navy, Appellee.

No. 86–3809.

United States Court of Appeals, Fourth Circuit.

Argued May 9, 1986.

Decided Sept. 4, 1986.

---

Wesley W. Metheney (Clark B. Frame, Wilson, Frame & Metheney, Morgantown, W.Va., on brief), for appellant.

Irene M. Solet, Appellate Staff, Civil Div., U.S. Dept. of Justice (Richard K. Willard, Asst. Atty. Gen., Washington, D.C., William A. Kolibash, U.S. Atty., Wheeling, W.Va., and Barbara L. Herwig, Washington, D.C., on brief), for appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Leonard P. Gower appeals from an order of the district court transferring his action for wrongful discharge from the United States Navy to the Claims Court. We vacate the order and remand the case for further proceedings.

## I

Gower was discharged from the Navy for "alcohol abuse rehabilitative failure." Protesting that he was not an alcoholic or an alcohol dependent, Gower sought administrative review of the discharge, pursuant to 10 U.S.C. sections 1552 and 1553. Unsuccessful in this effort, Gower filed suit in district court, complaining he had been discharged in violation of the due process clause of the fifth amendment. He alleged that the discharge was outside the Navy's statutory and regulatory authority, that it was arbitrary and capricious, and that it was his commanding officer's response to a complaint of wrongs that he had filed pursuant to the Code of Military Justice. Gower pled waiver of sovereign immunity on the basis of the Administrative Procedure Act, 5 U.S.C. § 702. He pled jurisdiction on the basis of 28 U.S.C. § 1331 (federal question) and stated that the amount in controversy exceeded $10,000. Gower sought a declaratory judgment that the discharge was void and an injunction requiring his restoration to his former position, "together with all rights, benefits and privileges" accruing from the date of discharge to the date of judgment.

The district court reasoned that a declaratory judgment reinstating Gower "would necessarily include the right to receive back pay." Because Gower had alleged that the amount in controversy exceeded $10,000, the court concluded that the Claims Court had exclusive jurisdiction over the case, under the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491. The court ordered that the action be transferred to the Claims Court, which then stayed its proceedings pending this appeal.

## II

At the outset we must determine whether this court has appellate jurisdiction over a district court's order transferring a case to the Claims Court on the authority of 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed....

Section 610 defines "court" to include federal district courts and the Claims Court. Because 28 U.S.C. section 1291 empowers us to entertain an appeal only from a "final order," the issue is whether the transfer order in this case was a final order. We believe the order to be final and appealable.

The government, through reliance on a number of cases, points out that transfer orders made pursuant to 28 U.S.C. § 1404(a), which authorizes transfers between district courts for convenience of the parties, are considered interlocutory and nonappealable. It urges that a section 1631 order transferring a case from a district court to the Claims Court must also be deemed interlocutory. It relies on *Jesko v. United States*, 713 F.2d 565 (10th Cir.1983), which holds that a transfer to the Claims Court cannot be appealed.

The government is correct that a section 1404(a) order transferring a case from one district court to another for the convenience of the parties is considered interlocutory and is ordinarily nonappealable. *See Ellicott Machine Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 (4th Cir.1974); 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3855 at 472 (1986). A section 1404(a) transfer merely involves a discretionary change to another district where the action could have been brought. Similarly, a transfer between district courts pursuant to section 1406(a) involves only the cure of defective venue which the parties may waive. Judge Parker's observation, although made in a different context, is applicable to such transfers: "[T]he courts of one District or Circuit must be presumed to be as able and as well qualified to handle litigation as those in another." *Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc.*, 140 F.2d 47, 49 (4th Cir.1944).

A transfer from a district court to the Claims Court pursuant to section 1631 is quite different from a transfer between district courts. *See Goble v. Marsh*, 684 F.2d 12, 14–15 (D.C.Cir.1982). Section 1631 stipulates that an essential predicate to a transfer pursuant to this section is the district court's "want of jurisdiction." Appellate review is concerned with this aspect of the transfer.

In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), the Supreme Court established that an order that does not terminate an action may nevertheless be a final order appealable under 28 U.S.C. § 1291. An order is final if it will "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

The order in this case satisfies these criteria. The order conclusively resolves the issue of the district court's jurisdiction. *See McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428 n. 1 (3d Cir.1983). The issue of the district court's jurisdiction is entirely separate from the merits. The district court's determination that it lacks jurisdiction cannot be effectively reviewed on appeal to the Federal Circuit from a final judgment in the Claims Court. *Goble v. Marsh*, 684 F.2d 12, 14 (D.C.Cir.1982); *Cf. Linnell v. Sloan*, 636 F.2d 65, 67 (4th Cir. 1980) (section 1404(a) transfer). One commentary states: "The propriety of some form of interlocutory review seems quite clear if the issue goes to the power of the district court to make the order it did and only a question of law is presented." 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3855 at 475 (1986).

■ The government also contends that transfer of the record to the Court of Claims bars review of the transfer order. It relies on *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C.Cir.1974), which states, "the physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer."

*Starnes* and the other cases that the government cites for this proposition concern section 1404(a) orders changing venue for the convenience of the parties. These cases do not concern challenges to the transferring court's power to transfer. By contrast, when the transferring court's authority to order the transfer is challenged, the circuit court retains jurisdiction to review the transfer even after its completion. *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir.1969). Gower has procured a certified

copy of the record from the clerk of the district court, and the Claims Court has stayed its proceedings. Consequently, the transfer of the record is of little moment.[1]

In sum, the authority section 1631 confers on a district court to transfer a case to the Claims Court is predicated on the district court's "want of jurisdiction." The order transferring the case may be appealed on the ground that the district court had jurisdiction and consequently erred in ordering the transfer. *Goble v. Marsh*, 684 F.2d 12 (D.C.Cir.1982) (transfer order appealable); *contra Jesko v. United States*, 713 F.2d 565 (10th Cir.1983) (order not appealable).

### III

The district court held that it lacked jurisdiction over Gower's claims for declaratory and injunctive relief on authority of *Cook v. Arentzen*, 582 F.2d 870 (4th Cir. 1978).[2] In *Cook* a navy nurse sought both monetary damages in excess of $10,000 and injunctive relief in the district court on the ground that she was unlawfully discharged because she was pregnant. We reasoned that because any damages due the plaintiff must be awarded by the Court of Claims, "that court should be permitted to decide the basic questions of law upon which relief must be predicated." 582 F.2d at 878. Accordingly, we held that 28 U.S.C. § 1491 vested exclusive jurisdiction for both monetary and equitable relief in the Court of Claims. 582 F.2d at 878.[3]

■ Gower's case, however, differs significantly from Cook's. He alleges that on advice of a naval officer he filed a complaint of wrongs pursuant to article 138 of the Code of Military Justice, but his commanding officer responded to the complaint by ordering his discharge. Gower protests that his discharge was arbitrary and capricious in violation of the due process clause of the fifth amendment. He contends that the transfer to the Court of Claims was erroneous because that court will not try an action based on retaliation.

*Qualls v. United States*, 678 F.2d 190 (Ct.Cl.1982), supports Gower's position. In that case a government employee alleged discriminatory or retaliatory action by his superior in violation of section 215(a)(3) of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). This section provides:

[I]t shall be unlawful for any person—
(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, ...

The Court of Claims dismissed the employee's action, saying:

[T]o the extent that plaintiff charges defendant with acting in a discriminatory or retaliatory manner towards him, such allegations are tortious in nature, as held by the trial judge, and are not actionable in this court.... In sum, the court does not have jurisdiction in this case over the subject matter of plaintiff's claim with respect to the alleged violations of section 215(a)(3) of the FLSA.

678 F.2d at 193. The statutory basis for this decision is 28 U.S.C. § 1491(a), which

---

1. Several courts and commentators have suggested that because a transfer order is appealable, if at all, only in the transferring court's circuit, the better practice is for the transferring court to stay the transfer routinely for a sufficient time to permit appellate review. 15 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3846 at 357 (1986) and cases cited therein.

2. Gower acknowledges that the district court does not have jurisdiction over his monetary claim for back pay because it is in excess of $10,000. *See* 28 U.S.C. § 1346(a)(2). Exclusive jurisdiction over this aspect of his case is vested in the Claims Court. *See* 28 U.S.C. § 1491(a)(1).

Gower stated in his brief that if he prevails in the district court he expects to proceed in the Claims Court on his monetary claim unless it is settled.

3. Courts are divided on the issue of the Claims Court's exclusive jurisdiction over an action by a government employee for equitable relief when the action also seeks monetary recovery in excess of $10,000. Conflicting cases are canvassed in *Hahn v. United States*, 757 F.2d 581 (3d Cir.1985), and *Keller v. Merit Systems Protection Board*, 679 F.2d 220 (11th Cir.1982); *see also Smith v. United States*, 654 F.2d 50, 51–52, 228 Ct.Cl. 168 (1981).

excludes from the court's jurisdiction cases "sounding in tort."

*Qualls* establishes that the rationale of *Cook* is not applicable to Gower's claim. The Claims Court does not have jurisdiction "to decide the basic question of law upon which relief must be predicated." *Cook*, 582 F.2d at 878. The district court, however, is not subject to the jurisdictional limitation *Qualls* recognized. Under these circumstances, Gower's case must be bifurcated. Nevertheless, further proceedings should conform to the precedent established by *Cook* as nearly as practicable.

The order of the district court is vacated, and this case is remanded for further proceedings to declare whether Gower's discharge was lawful. The district court should first determine whether there are procedural bars such as a statutory limitation or failure to exhaust administrative remedies. A judgment on the merits should be based on all the facts and circumstances pertaining to the discharge including those pertinent to the claim that it was retaliatory. If Gower prevails, the district court should transfer the case to the Court of Claims because the remedy Gower seeks lies within the jurisdiction conferred on that court by section 1491(a)(1) and (2). Gower shall recover his costs of this appeal.