305 F.3d 253
 In re CAREFIRST OF MARYLAND, INCORPORATED, d/b/a Carefirst Blue Cross/Blue Shield, Petitioner.
Carefirst of Maryland, Incorporated, d/b/a Carefirst Blue Cross/Blue Shield, Plaintiff-Appellant,
v.
Carefirst Urgent Care Center, LLC, d/b/a Carefirst; Hardin Memorial Hospital, Defendants-Appellees.
 No. 01-1964.
 No. 01-1973.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 2002.
 Decided September 25, 2002.
 
 ARGUED: Ruth Mae Finch, Stephens, Davis, Miller & Mosher, L.L.P., Washington, DC, for Appellant. John William Scruton, Stites & Harbison, P.L.L.C., Louisville, Kentucky, for Appellees.
 ON BRIEF: Barth X. deRosa, Christopher M. Collins, Stephens, Davis, Miller & Mosher, L.L.P., Washington, DC, for Appellants.
 Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.
 Appeal dismissed and petition for mandamus denied by published opinion. Judge TRAXLER wrote the majority opinion, in which Judge WILLIAMS joined. Judge WIDENER wrote a dissenting opinion.
 OPINION
 TRAXLER, Circuit Judge.
 
 
 1
 Carefirst of Maryland, Inc. ("Carefirst") brought this action in Maryland district court asserting claims of trademark infringement, dilution, and unfair competition against Hardin Memorial Hospital and Carefirst Urgent Care Center, LLC (together, the "defendants"). After allowing limited discovery into the defendants' contacts with the state of Maryland, the district court concluded that it lacked personal jurisdiction over the defendants, and, pursuant to 28 U.S.C.A. § 1631 (West 1994),[1] transferred the case to federal district court in Kentucky, where the defendants are located. Carefirst appeals the transfer order, contending that the Maryland court could properly exercise personal jurisdiction over the defendants. We dismiss the appeal as interlocutory.
 
 I.
 
 2
 Subject to certain exceptions not applicable here, the appellate jurisdiction of this court extends only to appeals from "final decisions" of the district courts. 28 U.S.C.A. § 1291 (West 1993); see TechnoSteel, LLC v. Beers Constr. Co., 271 F.3d 151, 154 (4th Cir.2001). Generally speaking, an order is "final" within the meaning of section 1291 if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). The transfer order here obviously does not meet this standard—the transfer did not terminate the litigation, but instead ensured that Carefirst remained in court, free to pursue its claims. See Stelly v. Employers Nat'l Ins. Co., 431 F.2d 1251, 1254 (5th Cir.1970) (per curiam) (noting that after a transfer, the plaintiff "is still in the federal court although in a different room. The district court's order rather than having the effect of precluding [the plaintiff] from further prosecuting his lawsuit, guarantees that [the plaintiff] will have his day in court.").
 
 
 3
 Nonetheless, some orders addressing issues collateral to the merits are sufficiently final to warrant immediate review. Accordingly, through what is generally referred to as the "collateral order doctrine," the Supreme Court has construed section 1291 to permit appeals from "a narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (citation and internal quotation marks omitted). That narrow class of immediately appealable collateral orders "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." Swint v. Chambers County Comm'n, 514 U.S. 35, 42, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995); see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The question, then, is whether the transfer order in this case satisfies the requirements of the collateral order doctrine.
 
 II.
 A.
 
 4
 Before we tackle the collateral order question, it is helpful to consider the treatment of transfer orders made pursuant to other statutory provisions. Section 1404(a) authorizes inter-district or interdivision transfers "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C.A. § 1404(a) (West 1993), while section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought," 28 U.S.C.A. § 1406(a) (West 1993). Although its language suggests otherwise, section 1406(a) has been interpreted to authorize transfers in cases where venue is proper but personal jurisdiction is lacking or some other impediment exists that would prevent the action from going forward in that district. See Porter v. Groat, 840 F.2d 255, 258 (4th Cir.1988) ("[W]e adopt as the rule in this circuit the reading of § 1406(a) that authorizes the transfer of a case to any district, which would have had venue if the case were originally brought there, for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district."); Martin v. Stokes, 623 F.2d 469, 474 (6th Cir.1980) (Section 1406(a) "provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either improper venue or lack of personal jurisdiction."); see also Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (concluding that a district court lacking personal jurisdiction over a defendant may transfer the case under section 1406(a)).
 
 
 5
 Courts have consistently held that transfer orders under sections 1404(a) and 1406(a) do not satisfy the requirements of the collateral order doctrine. See, e.g., TechnoSteel, 271 F.3d at 154 (stating that section 1404(a) transfer order is not immediately appealable); Gower v. Lehman, 799 F.2d 925, 927 (4th Cir.1986) (explaining that orders transferring cases under section 1404(a) or 1406(a) are not immediately appealable); Carteret Sav. Bank v. Shushan, 919 F.2d 225, 230 (3d Cir.1990) (holding that section 1406(a) transfer for lack of personal jurisdiction was not an appealable collateral order); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3827 (2d ed. 1986) ("An order of transfer under Section 1406(a) is interlocutory and not appealable...."); id. § 3855 ("It is entirely settled that an order granting or denying a motion to transfer under 28 U.S.C.A. § 1404(a) is interlocutory and not immediately appealable...."). And there is good reason for not allowing immediate appeals of transfer orders — "it will be highly unfortunate if the result of an attempted procedural improvement is to subject parties to two law suits: first, prolonged litigation to determine the place where a case is to be tried; and, second, the merits of the alleged cause of action itself." Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 181 (4th Cir. 1974) (internal quotation marks omitted).
 
 
 6
 Because of the broad construction given section 1406(a), the district court in this case could have transferred the case to Kentucky under that section instead of section 1631. If the transfer had been pursuant to section 1406(a), then there would be little doubt that the order was not immediately appealable. The question, then, is whether there is any reason for transfers effectuated under 28 U.S.C.A. § 1631 to be treated differently.
 
 
 7
 Most circuits considering this question have concluded that section 1631 transfer orders are not immediately appealable. See Brinar v. Williamson, 245 F.3d 515, 517-18 (5th Cir.2001); FDIC v. McGlamery, 74 F.3d 218, 221-22 (10th Cir.1996); Ukiah Adventist Hosp. v. FTC, 981 F.2d 543, 546-48 (D.C.Cir.1992); Alimenta (USA), Inc. v. Lyng, 872 F.2d 382, 383-85 (11th Cir.1989). However, in a case involving the lack of subject matter jurisdiction, this court has concluded that a section 1631 transfer order was immediately appealable. See Gower v. Lehman, 799 F.2d 925 (4th Cir.1986).
 
 
 8
 The plaintiff in Gower was discharged by the Navy and sought administrative review of the discharge decision. When that failed, Gower (the plaintiff) filed an action in district court challenging the discharge and seeking reinstatement. The district court concluded that because the remedies sought by Gower included back pay, the amount in controversy exceeded $10,000, thus bringing the case within the exclusive jurisdiction of the Court of Claims. Relying on section 1631, the district court transferred the case to the Court of Claims. See id. at 926. On appeal, this court held that the transfer order was appealable under the collateral order doctrine:
 
 
 9
 The order conclusively resolves the issue of the district court's jurisdiction. The issue of the district court's jurisdiction is entirely separate from the merits. The district court's determination that it lacks jurisdiction cannot be effectively reviewed on appeal to the Federal Circuit from a final judgment in the Claims Court.
 
 
 10
 Id. at 927 (citation omitted).
 
 
 11
 Carefirst contends that Gower compels the conclusion that the section 1631 transfer order in this case is an appealable collateral order. The defendants, however, contend that the order in Gower involved a transfer based on the absence of subject matter jurisdiction and that Gower does not answer the question of whether a section 1631 transfer order based on the lack of personal jurisdiction is immediately appealable. We agree with the defendants.[2]
 
 
 12
 A careful reading of Gower reveals that its appealability ruling sprang primarily from the court's view that questions involving subject matter jurisdiction were different and more important than issues arising from typical transfers, thus justifying immediate appellate review. For example, while the court recognized that normal district-court-to-district-court transfers under sections 1404(a) or 1406(a) are not immediately appealable, the court determined that
 
 
 13
 [a] transfer from a district court to the Claims Court pursuant to section 1631 is quite different from a transfer between district courts. Section 1631 stipulates that an essential predicate to transfer pursuant to this section is the district court's "want of jurisdiction." Appellate review is concerned with this aspect of the transfer.
 
 
 14
 Id. at 927 (citation omitted).
 
 
 15
 Moreover, the Gower court relied heavily on Goble v. Marsh, 684 F.2d 12 (D.C.Cir.1982), a case in which the court found to be immediately appealable a transfer from a district court to the Court of Claims under (now-repealed) 28 U.S.C.A. § 1406(c), which gave district courts the power to transfer cases within the exclusive jurisdiction of the Court of Claims. See id. at 14. The Goble court likewise focused on the fact that the order involved subject matter jurisdiction, which distinguished it from run-of-the-mill transfer orders. See id. at 14-15 ("Under [sections 1404(a) and 1406(a)] the question is proper venue within the system of District Courts. In contrast, in the present cases appellants seek review of an order transferring their cases to a different court, the Court of Claims, on the ground that no District Court had subject matter jurisdiction over their claims." (emphasis added)).
 
 
 16
 In addition, the court in Goble concluded that the transfer order at issue was effectively unreviewable after final judgment (a requirement of the collateral order doctrine) because of the potentially concurrent jurisdiction by the district court and the Court of Claims. The Court of Claims and district courts have concurrent jurisdiction over Tucker Act claims against the United States seeking $10,000 or less, while the Court of Claims has exclusive jurisdiction over claims seeking more than $10,000. See 28 U.S.C.A. § 1346(a)(2) (West 1993); 28 U.S.C.A. § 1491 (West 1994 & Supp. 2002). The district court in Goble determined that it lacked jurisdiction because the plaintiff was in fact seeking more than $10,000 and that the case should therefore be transferred to the Court of Claims. Because the Court of Claims would have subject matter jurisdiction even if the district court was wrong and the claim actually was for less than $10,000, the transfer decision would not be reviewed on appeal from a decision by the Court of Claims. See Goble, 684 F.2d at 14.[3]
 
 
 17
 Thus, we conclude that the appealability determination in Gower flowed from the fact that the case involved subject matter jurisdiction and from a not-effectively-reviewable determination that itself flowed from the quirks of the subject matter jurisdiction of the Court of Claims. Accordingly, we do not believe that Gower is controlling here, where the transfer was based on the lack of personal jurisdiction. Instead, we must independently evaluate whether a section 1631 transfer order based on the lack of personal jurisdiction meets the requirements of the collateral order doctrine.
 
 B.
 
 18
 As noted above, the collateral order doctrine allows immediate appeals of otherwise interlocutory orders that conclusively "resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." Swint, 514 U.S. at 42, 115 S.Ct. 1203. If the order fails to satisfy any one of these requirements, it is not an immediately appealable collateral order. Assuming that the order in this case meets the other requirements, it fails on the last.[4]
 
 
 19
 Although the requirement seems simple enough, determining whether an order is effectively reviewable after final judgment is not such an easy task. The Supreme Court has explained that an order is effectively unreviewable on appeal after final judgment "where denial of immediate review would render impossible any review whatsoever." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) (internal quotation marks omitted). The Court has also stated that the "general rule [is] that an order is effectively unreviewable only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 498-99, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989) (internal quotation marks omitted). As we explain below, the order in this case does not satisfy either standard.
 
 
 20
 (1)
 
 
 21
 The Sixth Circuit follows the rule of many other circuits that a transfer order issued by a district court outside the Sixth Circuit is not directly reviewable on appeal. See Moses v. Business Card Express, Inc., 929 F.2d 1131, 1136 (6th Cir. 1991) ("We have no appellate jurisdiction over decisions of district courts outside the Sixth Circuit."). However, that does not mean the order is effectively unreviewable. Indirect review of the order is available by way of a motion to retransfer the case; if the transferee court denies that motion, that decision will be reviewable by the Sixth Circuit on appeal. See id. ("Because [the Michigan district court judge] denied the plaintiffs' motion to retransfer this case to the Northern District of Alabama, however, we have jurisdiction to review that decision as well as the summary judgment and, thus, to review indirectly the decision of [the Alabama district court judge].").
 
 
 22
 This indirect review perhaps will not subject the transfer order to the same level of scrutiny that would be applied by this court if the order were immediately appealable. Nonetheless, effective review of the order is available, which is what matters for purposes of the collateral order doctrine. See Lauro Lines, 490 U.S. at 501, 109 S.Ct. 1976 (concluding that denial of motion to dismiss based on contractual forum selection clause is not immediately appealable and explaining that "Petitioner's claims that it may be sued only in Naples, while not perfectly secured by appeal after final judgment, is adequately vindicable at that stage ... and hence does not fall within the third prong of the collateral order doctrine"); McGlamery, 74 F.3d at 222 (concluding that a section 1631 transfer for lack of personal jurisdiction is not immediately appealable: "In terms of the effectiveness of review after final judgment, a transfer for lack of personal jurisdiction provides no less opportunity for review than a transfer for improper venue under § 1406(a). Indirect review of such orders can be obtained by bringing a motion to retransfer in the transferee court."); see also SongByrd v. Estate of Grossman, 206 F.3d 172, 178-80 (2d Cir.2000) (reviewing pre-transfer personal jurisdiction ruling made by district court outside Second Circuit and discussing showing necessary to reverse transfer ruling after final judgment).
 
 
 23
 (2)
 
 
 24
 Nor can it be said that the order in this case involves a right that would be effectively lost if not vindicated before trial. The Supreme Court has found that an order involves a right that would be effectively lost if not vindicated before trial in very limited circumstances — typically as to orders involving a right not to stand trial, such as that created by principles of sovereign, absolute, or qualified immunity. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (11th amendment); Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (qualified immunity); Nixon v. Fitzgerald, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982) (absolute immunity). But where the order involves an asserted "right" to proceed in a particular forum (or a "right" not to proceed in a particular forum), the Supreme Court has refused to treat the order as an appealable collateral order. See Lauro Lines, 490 U.S. at 501, 109 S.Ct. 1976 (order denying motion to dismiss based on contractual forum-selection clause is not immediately appealable; "an entitlement to avoid suit is different in kind from an entitlement to be sued only in a particular forum").
 
 
 25
 If we assume that the district court was wrong and that it did have personal jurisdiction over the defendants, then what happened here is that an action was transferred from one district where jurisdiction existed over the defendants to another district where jurisdiction over the defendants also existed. Thus, the only "right" involved is the right of Carefirst to proceed in the forum of its choosing. While a plaintiff's choice of forum is of course entitled to respect and deference, the interest in proceeding in the forum of choice in most instances is not weighty enough to be protected by the collateral order doctrine.[5]
 
 
 26
 "[W]hether a right is `adequately vindicable' or `effectively reviewable' simply cannot be answered without a judgment about the value of the interests that would be lost through rigorous application of a final judgment requirement." Digital Equip. Corp., 511 U.S. at 878-79, 114 S.Ct. 1992. Carefirst seeks reversal of the district court's personal jurisdiction ruling so that it may proceed to trial in the forum of its choice. Thus, the interest at stake in this case is the same as the interest at stake in every case where a plaintiff seeks to appeal a routine transfer order. And in ordinary transfer cases, courts do not view the plaintiff's interest in proceeding in the forum of choice as sufficient to out-weigh the interests served by the general rule prohibiting interlocutory appeals. We can see no reason to strike a different balance in this case.
 
 
 27
 We fully recognize that it will be less convenient and more expensive for Carefirst to prosecute its claims in Kentucky than in Maryland. But those concerns, while real, are not sufficient to bring the transfer order within the collateral order doctrine. As the Supreme Court has explained,
 
 
 28
 [T]he strong bias of § 1291 against piecemeal appeals almost never operates without some cost. A fully litigated case can no more be untried than the law's proverbial bell can be unrung, and almost every pretrial or trial order might be called "effectively unreviewable" in the sense that relief from error can never extend to rewriting history. Thus, erroneous evidentiary rulings, grants or denials of attorney disqualification, and restrictions on the rights of intervening parties, may burden litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment; and other errors, real enough, will not seem serious enough to warrant reversal at all, when reviewed after a long trial on the merits.... But if immediate appellate review were available every such time, Congress's final decision rule would end up a pretty puny one, and so the mere identification of some interest that would be "irretrievably lost" has never sufficed to meet the third Cohen requirement.
 
 
 29
 Digital Equip., 511 U.S. at 872, 114 S.Ct. 1992 (citations omitted). Thus, Carefirst's interest in proceeding in one federal forum rather than another is simply insufficient to warrant further inroad on the important interests animating section 1291's finality rule. See MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 119 (4th Cir. 1994) ("The rule against appeal of interlocutory rulings ... serves twin purposes. It both avoids the enfeebling of judicial administration that comes with undue delay, and preserves the primacy of the district court as the arbiter of the proceedings before it." (citations and internal alteration omitted)).
 
 
 30
 Carefirst, however, suggests that its right to fully and fairly litigate its claims will be irretrievably lost absent an immediate appeal of the transfer order. Carefirst contends that the district court, in the course of concluding that it lacked personal jurisdiction over the defendants, improperly made statements that reached (and rejected) the merits of Carefirst's claims—statements that Carefirst believes will be treated as the law of the case by the district court in Kentucky. Carefirst thus argues that, absent an immediate appeal in this circuit, it will effectively lose its case before even leaving the starting gate.
 
 
 31
 We agree with Carefirst that certain portions of the district court's order appear to reject the merits of some of Carefirst's claims, which of course would be improper at this stage of the proceedings. See, e.g., Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir.1993) ("[W]hen ... the district court decides a pretrial personal jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction. In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." (citation omitted)). We question, however, whether the district court in Kentucky would consider itself bound by the merits—related statements made by the Maryland district court in its order. See, e.g., Schachner v. Blue Cross & Blue Shield of Ohio, 77 F.3d 889, 894 (6th Cir.1996) (concluding that the district court erred by treating as the law of the case a statement made in an order denying class certification that a contractual term was ambiguous: "The law of the case doctrine is not so rigid that it requires a judge to follow a prior ruling, which is not a final order and has not been the subject of an appeal, as if the issue is res judicata."). Nonetheless, even if the merits-related statements were binding on the transferee court, the Maryland court's error in addressing the merits cannot suffice to transform the interlocutory transfer order into an appealable collateral order.
 
 
 32
 The determination of whether an order satisfies the requirements of the collateral order doctrine must be made by applying the requirements to the general category to which the disputed order belongs, not on a case-by-case basis to every order sought to be appealed. See Van Cauwenberghe v. Biard, 486 U.S. 517, 529, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988) ("In fashioning a rule of appealability under § 1291, ... we look to categories of cases...."); Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 439, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) ("This Court ... has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal."). Thus, because section 1631 transfers for lack of personal jurisdiction "in the main" do not satisfy the collateral order doctrine, Van Cauwenberghe, 486 U.S. at 529, 108 S.Ct. 1945, the order in this case is not appealable, notwithstanding the fact that the district court might have made an error that could work to Carefirst's disadvantage absent an immediate appeal. See Digital Equip., 511 U.S. at 868, 114 S.Ct. 1992 ("[T]he issue of appealability under § 1291 is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted, by a prompt appellate court decision." (internal quotation marks, alterations, and citation omitted)); Van Cauwenberghe, 486 U.S. at 529 n. 7, 108 S.Ct. 1945 ("[W]e refuse to fashion an exception from the general rule of nonappealability for what petitioner describes as `facially apparent reversible error'....)".
 
 III.
 
 33
 Because some review of section 1631 transfer orders based on the absence of personal jurisdiction is available in the transferee circuit on appeal from final judgment, such orders are not immediately appealable under the collateral order doctrine. We therefore dismiss Carefirst's appeal for lack of jurisdiction.[6]
 
 
 34
 
 APPEAL DISMISSED; PETITION FOR MANDAMUS DENIED.
 
 
 
 
 Notes:
 
 
 [1]
 As is relevant to this case, section 1631 provides that "[w]henever a ... court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C.A. § 1631 (West 1994)
 
 
 [2]
 The defendants also contend that section 1631, which refers to "a want of jurisdiction," contemplates transfers only where subject matter jurisdiction, not personal jurisdiction, is absent. Because we conclude that the transfer order in this case is not immediately appealable, we need not decide whether section 1631 extends to cases where only personal jurisdiction is lacking, a question that has divided the courtsCompare, e.g., SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n. 9 (2d Cir.2000) (not deciding the issue, but noting that the "legislative history of section 1631 provides some reason to believe that this section authorizes transfers only to cure lack of subject matter jurisdiction"); Pedzewick v. Foe, 963 F.Supp. 48, 49-50 (D.Mass.1997) (collecting cases and concluding that section 1631 applies only to cases where subject matter jurisdiction is lacking); 15 Charles Alan Wright et al., Federal Practice & Procedure § 3842 (2d ed.1986) (stating that section 1631 "is concerned only with subject matter jurisdiction. It has nothing to do with personal jurisdiction or venue."), with Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524, 1527 (10th Cir.1987) (concluding that section 1631 permits transfers where personal jurisdiction is lacking); Carty v. Beech Aircraft Corp., 679 F.2d 1051, 1066 (3d Cir.1982) (reversing district court's determination that it had personal jurisdiction over the defendant, but remanding to the district court to consider application of section 1631).
 
 
 [3]
 SinceGower and Goble were decided, any concern about the reviewability of orders transferring cases to the Court of Claims has been largely alleviated—in 1988, Congress enacted 28 U.S.C.A. § 1292(d)(4)(A) (West Supp.2002), which gives the Court of Appeals for the Federal Circuit jurisdiction to review interlocutory section 1631 orders transferring cases to the Court of Claims.
 
 
 [4]
 We recognize that there are unpublished opinions from this court indicating that section 1631 transfers for lack of personal jurisdiction are immediately appealableSee, e.g., Brill v. Brown, 908 F.2d 966 (4th Cir.1990). However, "unpublished opinions are not binding precedent in this circuit." United States v. Ruhe, 191 F.3d 376, 392 (4th Cir. 1999).
 
 
 [5]
 We note that Congress has expressly provided for immediate appellate review of certain orders that effectively deny a party his chosen forum,see, e.g., 9 U.S.C.A. § 16(a)(1)(A) (West 1999) (authorizing immediate appeal of an order denying a motion to stay litigation pending arbitration), thus reflecting a policy judgment that a particular subset of forum choices are sufficiently important to merit protection via immediate appellate review.
 
 
 [6]
 The district court file for this case was physically transferred to Kentucky upon entry of the transfer order, before Carefirst could file a notice of appeal. Believing it necessary to preserve its right to appeal the transfer order, Carefirst also filed a petition for writ of mandamus, requesting that this court order the district court to seek retransfer of the case file by the Kentucky courtSee Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 250 (4th Cir.1991) (concluding that in cases involving transfers outside the circuit, jurisdiction is conveyed to the transferee court upon the physical transfer of the case file); see also TechnoSteel, LLC v. Beers Constr. Co., 271 F.3d 151, 161 (4th Cir.2001) (explaining that while the physical transfer of a case file to a court outside this circuit deprives this court of jurisdiction to review interlocutory orders that are not immediately appealable, the physical transfer of a case file does not affect this court's jurisdiction over immediately appealable orders). We ordered the Maryland district court to obtain a copy of the case file, and we consolidated the mandamus action with this appeal. To the extent that any aspect of the mandamus petition remains pertinent, we find no extraordinary circumstances that would warrant issuance of the writ. See, e.g., Kerr v. United States Dist. Court, 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). Accordingly, the petition for writ of mandamus is hereby denied.
 
 
 
 35
 WIDENER, Circuit Judge, dissenting.
 
 
 36
 I respectfully dissent.
 
 
 37
 The difficulty with the majority decision is that it does not recognize the difference between a transfer for want of personal jurisdiction under 28 U.S.C. § 1631, because a plaintiff does not have minimum contacts with the jurisdiction under International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and a transfer under 28 U.S.C. §§ 1404, 1406 for want of or change of venue. In the words of the majority opinion, referring to "ordinary transfer cases," the decision states it "can see no reason to strike a different balance in this case." Maj. at p. 260.
 
 
 38
 The difference is at once apparent. A want of jurisdiction is a want of power to adjudicate, whether the same be subject matter jurisdiction under Title 28 of the U.S.Code, or lack of due process under the Constitution. Want of subject matter jurisdiction under the statutes is a given lack of power, and there is no argument here in that context. A lack of jurisdiction for want of minimum contacts under International Shoe Co. is also based on a lack of power of the courts to adjudicate. That lack of power is just as real under the Constitution as a lack of power because of lack of subject matter jurisdiction under the statutes in Title 28. The Court, in International Shoe, stated the argument of the State to be that "[i]t thus denies the power of the state to lay the tax or to subject appellant to a suit for its collection. [Paragraphing omitted.] Historically the jurisdiction of courts to render judgment in personam is grounded on their de facto power over the defendant's person." 326 U.S. at 316, 66 S.Ct. 154. That principle is stated the same way in this circuit: "[u]nder current Supreme Court jurisprudence, despite advances in technology, State judicial power over persons appears to be limited to persons within the State's boundaries and to those persons outside of the State who have minimum contacts with the State such that the State's exercise of judicial power over the person would not offend traditional notions of fair play and substantial justice." ALS Scan, Inc. v. Digital Service Consultants, Inc., 293 F.3d 707, 712 (4th Cir.2002). And the same principle is stated much the same way in ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997): "[t]he jurisdiction of minimum contacts has developed as a surrogate for presence in the state because `[a] state's sovereignty remains territorial, and its judicial power extends over only those persons, property, and activities within its borders.'"
 
 
 39
 So the power of a court to adjudicate is based both on subject matter jurisdiction and jurisdiction of the parties. No reason exists to have subject matter jurisdiction subject to plenary review and to have the jurisdiction of the parties because of a question of minimum contacts subject only to the lesser standard of abuse of discretion usually present in transfers and retransfers under §§ 1404 and 1406. See Moses v. Business Card Express, Inc., 929 F.2d 1131, 1140 (6th Cir.1991); Lewelling v. Farmers Insurance of Columbus, Inc., 879 F.2d 212, 218 (6th Cir.1989). In my opinion, a court either has the power to act or it does not have that power, and I suggest a district court's decisions on the existence of that power should be as subject to review in one instance as in the other.
 
 
 40
 Interlocutory review under 28 U.S.C. § 1631 was examined by us in the case of Gower v. Lehman, 799 F.2d 925 (4th Cir. 1986). That case reasoned that "[t]he district court's determination that it lacks jurisdiction cannot be effectively reviewed on appeal to the Federal Circuit from a final judgment in the Claims Court." 799 F.2d at 927 (italics added). And the case further reasoned that: "[t]he propriety of some form of interlocutory review seems quite clear if the issue goes to the power of the district court to make the order it did and only a question of law is presented." 799 F.2d at 927 (quoting 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3855 at 475 (2d ed.1986)).
 
 
 41
 The majority opinion devotes much of its content to its justification of the denigration of the very right of review, making any examination of lack of power of the district court under examination here reviewable under an abuse of discretion standard present in ordinary transfer cases rather than the plenary review which should be accorded when the very power of a court to act is under examination. The Second Circuit, in the case of SongByrd, Inc. v. Estate of Grossman, in a similar transfer case from Louisiana to New York, recognized that "[a] transfer order entered because of lack of personal jurisdiction over the defendant should therefore receive plenary review." 206 F.3d 172, 179 (2d Cir.2000). But that court then qualified its own decision by providing that the party opposing the transfer must first demonstrate at least a high likelihood of a different result in the two States involved, depending on the transfer.
 
 
 42
 I suggest that the standard is effective review and that effective review means plenary review when the question is the power of a district court to act. Because the majority opinion would deny that effective review to Maryland Carefirst, I am of opinion that we should presently review the decision of the district court as to whether or not Carefirst of Kentucky had sufficient contacts within the jurisdiction of the district court to subject it to the power of that court to decide the case. I express no opinion on whether or not such minimum contacts exist.
 
 
 43
 To hold otherwise, as we do here, is the effective insulation, as a matter of law, from plenary judicial review, of the decision of the district court that there were not minimum contacts under International Shoe and transferred on that account. For example, when the district court decided there were not minimum contacts, it might have either transferred the case under § 1631, or it might have dismissed the case under § 1631. If the district court had dismissed the case, its action was immediately subject to plenary review in this court. Since the district court transferred the case, its action on the same facts in the same case is subject to review in the Sixth Circuit on a motion for retransfer only for abuse of discretion. Effective plenary review is precluded. I do not think Congress had that in mind when it enacted § 1631.