UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1857

JOHN B. KIMBLE,

Plaintiff - Appellant,

versus

GREENPOINT MORTGAGE; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INCORPORATED; JACK
GAUGHEN REAL ESTATE; FREDDIE MAC; PAUL GUNDER,
Manager/Broker in his individual capacity;
TINA LONG, in her individual capacity; TRACIE
HUDSON, in her individual capacity; DEBORAH
ROGERS, Appraiser, in her individual capacity;
STEPHEN M. RUFFO, in his individual capacity,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Andre M. Davis, District Judge. (CA-04-
1954-AMD)

Submitted: April 8, 2005          Decided: April 26, 2005

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

John B. Kimble, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John B. Kimble seeks to appeal the district court's order dismissing some Defendants in his civil action based upon the Rooker-Feldman[1] doctrine and res judicata and transferring the remaining claims to the United States District Court for the Middle District of Pennsylvania.[2] We dismiss in part, vacate in part, and remand.

Kimble challenges the district court's decision to transfer some claims to a district court outside this circuit. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The transfer order Kimble seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. See In re Carefirst of Md., Inc., 305 F.3d 253, 256, 262 (4th Cir. 2002). Accordingly, we dismiss this portion of the appeal for lack of jurisdiction.

Kimble also asserts that the district court erred in dismissing some Defendants pursuant to the Rooker-Feldman doctrine.

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[2] Because Kimble has not challenged in his informal brief the disposition of his claims based upon res judicata, he has waived appellate review of that issue. 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised in the informal brief.").

We agree. After the district court issued its decision, the Supreme Court held that the <u>Rooker</u>-<u>Feldman</u> doctrine does not deprive a federal district court of subject matter jurisdiction over a suit involving issues similar to those raised in pending state court litigation. <u>Exxon Mobil Corp. v. Saudi Basic Indus., Corp.</u>, 125 S. Ct. 1517, 2005 WL 711586 (Mar. 30, 2005) (No. 03-1696). In light of <u>Exxon Mobil Corp.</u> and the fact that foreclosure proceedings against Kimble are pending in the state courts of Pennsylvania, we vacate this portion of the district court's order and remand for further proceedings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART, VACATED IN PART, AND REMANDED</u>