# United States Court of Appeals
## For the First Circuit

No. 05-2645

SUBSALVE USA CORPORATION,

Plaintiff, Appellant,

v.

WATSON MANUFACTURING, INC. AND LYNDEN C. COX,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. William E. Smith, <u>U.S. District Judge</u>]

Before

Torruella, Selya and Dyk,<sup>**</sup> <u>Circuit Judges</u>.

<u>Jeffrey K. Techentin</u>, with whom <u>R. Bart Totten</u> and <u>Adler Pollock & Sheehan P.C.</u> were on brief, for appellant.
<u>John P. Gyorgy</u>, with whom <u>Thomas R. Noel</u> and <u>Noel & Gyorgy LLP</u> were on brief, for appellees.

September 7, 2006

<sup>*</sup>Of the Federal Circuit, sitting by designation.

**SELYA**, **Circuit Judge**.  This appeal presents the conundrum of what to do when a district court order purports both to grant a motion to dismiss and to transfer the action to a different district.  Based on clear evidence of the district judge's intent, we hold that the order should be construed as a transfer order and that, therefore, immediate appellate review of the underlying findings is unavailable.

## I.  BACKGROUND

On December 21, 2004, plaintiff-appellant Subsalve USA Corporation (Subsalve), a Rhode Island company, instituted a civil action in the United States District Court for the District of Rhode Island.  The complaint named as defendants Watson Manufacturing, Inc., a Florida corporation, and Lynden C. Cox, a Watson functionary residing in Florida.  Subsalve's statements of claim sounded in trademark and copyright infringement, unfair competition, and cybersquatting.

The defendants moved to dismiss for want of personal jurisdiction.  See Fed. R. Civ. P. 12(b)(2).  The district court referred the motion to a magistrate judge.  See 28 U.S.C. § 636(b)(1)(B).  After conducting an evidentiary hearing, the magistrate judge concluded that the defendants' contacts with the forum state were too attenuated to sustain an assertion of personal jurisdiction.  In an apparent effort to ameliorate the terminal effect of this jurisdictional defect, the magistrate judge

-2-

recommended — inconsistently — granting the motion to dismiss and transferring the action to the Northern District of Florida.[1]

In due course, the district judge overrode Subsalve's objections to the magistrate judge's recommendation. See Subsalve USA Corp. v. Watson Mfg., Inc., 392 F. Supp. 2d 221 (D.R.I. 2005). His rescript stated explicitly that he adopted the magistrate judge's "ultimate conclusions: the Court lacks personal jurisdiction over both Watson and Cox, and this matter should be transferred to the Northern District of Florida." Id. at 222. In the penultimate paragraph, labeled "Transfer", the district judge observed that the arguments opposing transfer were "unpersuasive." Id. at 224. He added: "The decision to transfer rests within the Court's discretion . . . . This Court agrees with the analysis of Magistrate Lovegreen as well as his recommendation to transfer this matter." Id. The district judge made no similar mention of the recommended granting of the motion to dismiss.

---

[1]The statute that the magistrate judge invoked provides in pertinent part:

> Whenever a civil action is filed in a [federal] court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred . . . .

28 U.S.C. § 1631.

Notwithstanding these clear indicia of his intention to transfer the action, the district judge issued the following order: "For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. This matter shall be transferred to the Northern District of Florida." Id. This order is contradictory on its face: after all, the order purports both to terminate the action (by dismissal) and to continue it (by transfer) in another district. As we explain below, this deviated from the usual procedure under 28 U.S.C. § 1631, quoted supra note 1.

The statute authorizes the transfer of an action whenever the court finds that it lacks jurisdiction and that a transfer is consistent with the interest of justice. 28 U.S.C. § 1631. This language furnishes a court that lacks jurisdiction over an action with a choice between transfer and dismissal. See Britell v. United States, 318 F.3d 70, 72-76 (1st Cir. 2003). That choice is subject to a rebuttable presumption in favor of the transfer alternative. See id. at 73. A dismissed action is a nullity, so a court desirous of effectuating a transfer under section 1631 should not dismiss the action but, rather, after making a finding that it lacks jurisdiction, should order transfer based on that finding. See, e.g., id. at 72-76; Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 79 (D.D.C. 2003); Enter. Rent-A-Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1159 (E.D. Mo. 2001).

-4-

Here, the district court's failure to follow the usual praxis sparked a firestorm of activity. After receiving notification of the transfer, the clerk in the Northern District of Florida opened a docket on October 6, 2005. Five days later, the clerk in the District of Rhode Island entered a judgment that read in its entirety:

> Judgment is hereby entered in favor of defendants, Watson Manufacturing, Inc. and Lynden C. Cox against plaintiff, Subsalve USA Corporation pursuant to this court's decision and order entered on September 29, 2005 granting defendants' motion to dismiss. This matter shall be transferred to the Northern District of Florida. (Emphasis omitted).

On October 19, the clerk physically transferred the case file to the Northern District of Florida.

Seizing upon the district court's awkward locution, Subsalve filed a notice of appeal on October 26. It asserted that the September 29 order effected a final dismissal of the action on the merits and, thus, was immediately appealable. See 28 U.S.C. § 1291. Realizing what had happened, the district judge, acting sua sponte, purposed to issue a corrective order. That order, which invoked Fed. R. Civ. P. 60(a), vacated the October 11 judgment. The next day, Subsalve's appeal was docketed in this court. See Fed. R. App. P. 12(a).

## II. ANALYSIS

Although the parties are in agreement as to the historical facts, they vouchsafe markedly different interpretations

of where the case now stands. Subsalve argues that the September 29 order was a final order of dismissal, immediately appealable, which should be reversed because the district court did, in fact, have in personam jurisdiction over the parties sued. The defendants counter that the September 29 order was an interlocutory transfer order, not immediately appealable, and that we lack appellate jurisdiction to consider the existence vel non of personal jurisdiction at this juncture.

To wend our way through this labyrinth, we begin with the order itself. We then consider what, at this point in time, lies within the compass of our appellate jurisdiction.

**A.  The September 29 Order.**

The threshold question in this case is whether the September 29 order effectuated a dismissal or a transfer of the action. Because this preliminary inquiry bears on the permissible scope of our review, we have jurisdiction to undertake it. See USM Corp. v. GKN Fasteners, Ltd., 574 F.2d 17, 18 (1st Cir. 1978); see also Lane v. United States, 727 F.2d 18, 21 (1st Cir. 1984). Put simply, we have jurisdiction to determine the existence and extent of our own subject-matter jurisdiction.

A trial court's conversation with an appellate court proceeds primarily through its decrees. See Berkovitz v. Home Box Office, Inc., 89 F.3d 24, 29 (1st Cir. 1996); Advance Fin. Corp. v. Isla Rica Sales, Inc., 747 F.2d 21, 26 (1st Cir. 1984). Consequently, the September 29 order itself is "the most likely

source of enlightenment in our quest to understand its nature." Berkovitz, 89 F.3d at 29.

Subsalve emphasizes that the first clause of the September 29 order purports to grant the defendants' motion to dismiss and argues, on this basis, that the order must be read as a final order of dismissal. Under its construction, everything that follows the first clause — including the statement purporting to transfer the action — must be ignored because the dismissal put an end to the case and left nothing upon which the district court could continue to act.

The defendants take a more holistic view. They say that the order should be read in its entirety and in light of the district judge's statements (both contemporaneous and subsequent). So read, they assert, the order must be construed as a transfer order. Under their construction, the "no jurisdiction" finding is important, but the order of dismissal itself must be disregarded as an imprecise locution — a lapsus linguae, as it were. On balance, we find the defendants' position more persuasive.

There are times when courts must be practical. Cf. Gibbs v. Buck, 307 U.S. 66, 78 (1939) (declining to order "useless" remand when the district court had attempted, albeit belatedly, to correct its own error and had thereby made clear what a remand would yield); Jusino v. Zayas, 875 F.2d 986, 990 (1st Cir. 1989) (refusing to force the parties "round and round the mulberry bush" for no better reason than "ceremonial punctiliousness"). Subsalve invites us, in effect, to ignore the reality of events and to

-7-

accord decretory significance to the sequencing of the September 29 order. We decline the invitation to put on blinders and take so struthious a view. The reality is that the two contradictory clauses were written as part of a single order; that order, on its face, was internally inconsistent; and the judge could not have intended that both commands be obeyed. Given the facts, we fail to see how grammatical happenstance (which, in this instance, gives full meaning to one clause while emasculating the other) provides a principled basis for resolving the inconsistency. We think, rather, that court orders, like statutes, should be read as a whole. See United States v. Ven-Fuel, Inc., 758 F.2d 741, 751-52 (1st Cir. 1985) (explaining that, in general, "[a]ll words and provisions of statutes" should "be given effect" and constructions that "would render . . . words or phrases meaningless, redundant, or superfluous" should be avoided).

This leaves us with an order which, fairly read, directs two incompatible results. Ordinarily, an appellate court confronted with an internally inconsistent order would vacate the offending order and return the case to the authoring court for clarification. See, e.g., United States v. Rodríguez, 327 F.3d 52, 54-56 (1st Cir. 2003); United States v. Davis, 261 F.3d 1, 62-63 (1st Cir. 2001). An appellate tribunal, however, should not mechanically resort to this remedy when doing so would accomplish nothing more than the undue prolongation of the litigation. See, e.g., Gibbs, 307 U.S. at 78; Aoude v. Mobil Oil Corp., 862 F.2d 890, 895 (1st Cir. 1988).

This is such a case.  The record of the proceedings below dispels any uncertainty as to the district judge's intent in issuing the September 29 order.  In his memorandum decision, the judge twice emphasized that he was adopting the magistrate judge's recommendation to transfer the action.  See Subsalve, 392 F. Supp. 2d at 222, 224.  In contrast, he eschewed any mention of the recommendation to grant the motion to dismiss.  To cinch matters, the judge, upon realizing the scrivener's error that had crept into the September 29 order, immediately undertook to clarify the matter by vacating the judgment of dismissal.  His November 1 order left no doubt but that his intent, all along, was to effectuate a transfer — not to dismiss the action.[2]

In an effort to blunt the force of this reasoning, Subsalve asserts, without any citation to relevant authority, that the district judge's intent has no bearing on whether the order dismissed or transferred the action.  This assertion comprises more cry than wool.  The case law makes pellucid that the dispositive

_____

[2]Subsalve argues that the November 1 order cannot figure into the decisional calculus because the district court lacked power to act (after all, Subsalve had previously filed a notice of appeal and Fed. R. Civ. P. 60(a), under which the district judge purported to act, only authorizes district courts to correct clerical errors in orders and judgments).  But the order that the judge drafted on November 1 provides a valuable window into his intent with respect to the internally inconsistent September 29 order.  Thus, even if it is a legal nullity — a matter on which we take no view — we are entitled to weigh the statements therein as part of our inquiry into whether a remand would serve any useful purpose.  See, e.g., Jusino, 875 F.2d at 990 (concluding, based on a district court's granting of a motion for reconsideration at a time when the court lacked jurisdiction, that remand was unnecessary).

consideration in interpreting a self-contradictory order — at least where neither construction of the order does more violence to its language than the other — is the issuing judge's intent. See Tootle v. Sec'y of Navy, 446 F.3d 167, 172-73 (D.C. Cir. 2006) (construing, in line with the district court's "clear[] inten[t]," an order that dismissed and transferred the action); Advance Fin., 747 F.2d at 26 & n.10 (construing ambiguous order as one for summary judgment where the district court "plainly considered itself to be granting summary judgment"); see also United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232 (1958) (holding that a pronouncement amounts to a final judgment where it "clearly evidences the judge's intention that it shall be his final act in the case"); United States v. Higginson, 238 F.2d 439, 442 (1st Cir. 1956) (similar).

Subsalve also suggests that the decision in Tootle v. Secretary of the Navy dictates a conclusion that the dismissal clause trumps the transfer clause. This suggestion lacks merit.

In Tootle, as here, the district judge issued an order that purported both to dismiss and to transfer the action. See 446 F.3d at 172. But that order, unlike the order in this case, explicitly stated that it was final and appealable. See id. Given this unmistakable indicium of the district court's primary intent, the court of appeals held that the order effectuated a dismissal rather than a transfer, reasoning that, having dismissed the action and set the stage for an immediate appeal, "the trial court was

without authority to transfer [it]." Id. at 173. Taking a narrow view of this quoted language, Subsalve posits that Tootle creates a general rule that an order purporting both to dismiss and to transfer an action is a final order of dismissal, simpliciter.

This is pie in the sky. It simply is not the case, as Subsalve would have it, that the Tootle court aspired to fashion a universal rule to the effect that an inconsistent order of the type at issue here must be read as a final order of dismissal. Rather, the court relied on the discernible intent of the district judge, interpreting the self-contradictory order as a final order of dismissal because "the District Court clearly intended to grant the . . . motion to dismiss for want of subject matter jurisdiction." Id. (emphasis supplied). So viewed, the Tootle court's approach to deciphering an internally inconsistent order is in perfect harmony with the course that we chart today.

So too the decision in HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304 (Fed. Cir. 1999). Although HollyAnne held that an order purporting to both dismiss and transfer an action effected a dismissal, the HollyAnne court ruled on an opaque record that contained no evidence of the district court's intent. See id. at 1306-07. "When the district court's order is unilluminating, the appellate court must fend for itself." Camilo-Robles v. Hoyos, 151 F.3d 1, 8 (1st Cir. 1998). Here, unlike in HollyAnne, the record presents unmistakable signs of the district court's abiding intent. That distinction is critically important.

-11-

**B.  Appellate Jurisdiction.**

Having concluded that the September 29 order should be construed as effectuating a transfer of the action as opposed to a dismissal, we turn next to the question of whether we have jurisdiction to review the substance of that order.  Although the issue is one of first impression in this circuit, every court of appeals to have confronted it has concluded that section 1631 transfer orders are not immediately appealable.  See, e.g., In re Carefirst of Md., Inc., 305 F.3d 253, 262 (4th Cir. 2002); Brinar v. Williamson, 245 F.3d 515, 518 (5th Cir. 2001); FDIC v. McGlamery, 74 F.3d 218, 221-22 (10th Cir. 1996); Ukiah Adventist Hosp. v. FTC, 981 F.2d 543, 546-48 (D.C. Cir. 1992); Alimenta (USA), Inc. v. Lyng, 872 F.2d 382, 383-85 (11th Cir. 1989).[3]  This outcome comports with the general rule of nonappealability referable to transfer orders entered under other statutes.  See, e.g., Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir. 1977) (noting that immediate appellate review of transfer orders entered under 28 U.S.C. § 1404(a) is ordinarily unavailable).

---

[3]An earlier Fourth Circuit case, Gower v. Lehman, 799 F.2d 925 (4th Cir. 1986), concluded that a district court's order transferring a case to the Claims Court (now the Court of Federal Claims) was immediately appealable under the collateral order doctrine.  See id. at 928.  But that decision rests in material part on a nuance in the subject-matter jurisdiction of the Claims Court.  See id. at 926-28.  In all events, Gower has been limited effectively to its facts by subsequent Fourth Circuit case law. See In re Carefirst, 305 F.3d at 257-58; see also McGlamery, 74 F.3d at 221-22 (taking a similar view of Gower).

This rule makes sense. In the ordinary course, our jurisdiction extends only to appeals from "final decisions" of the district courts. 28 U.S.C. § 1291. A district court's decision is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The entry of a section 1631 transfer order does not satisfy this standard; it does not terminate the litigation on the merits but, rather, ensures its continuation in a different forum.[4] See In re Carefirst, 305 F.3d at 255; Ukiah Adventist Hosp., 981 F.2d at 54.

To say more would be to paint the lily. Like our sister circuits, we can envision no warrant for treating section 1631 transfer orders differently from other transfer orders with respect to the availability of interim appellate review. Consequently, we hold that a section 1631 transfer order is not immediately appealable. This means that, in this case's current procedural posture, we lack jurisdiction to review Subsalve's claim that the district court erred in concluding that it could not exercise personal jurisdiction over the defendants.

---

[4]To be sure, the finality principle admits of certain limited exceptions, some statutory and some judge-made. See Espinal-Dominguez v. Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003); In re Carefirst, 305 F.3d at 259-60 (collecting cases). None of these exceptions applies to a section 1631 transfer order. See In re Carefirst, 305 F.3d at 260.

## III. CONCLUSION

We need go no further.[5]  For the foregoing reasons, we hold that the September 29 order effected a transfer of the action under 28 U.S.C. § 1631 and that, therefore, the substance of the order is not immediately reviewable.  Accordingly, we dismiss the remainder of Subsalve's appeal, without prejudice, for want of appellate jurisdiction.

**So Ordered**.

---

[5]Given the outcome that we reach, we find it unnecessary to address whether the physical transfer of the case file to the Northern District of Florida divested us of jurisdiction over any aspect of this appeal. See McGlamery, 74 F.3d at 220 n.1 (noting that appellate jurisdiction in the transferor circuit ordinarily ends when the case file is docketed in the transferee court).  By like token, we need not resolve any lingering question as to whether section 1631 authorizes transfers to cure a want of personal jurisdiction, as opposed to a want of subject-matter jurisdiction. See Cimon v. Gaffney, 401 F.3d 1, 7 n.21 (1st Cir. 2005) (collecting conflicting authorities, while supporting the view that section 1631 authorizes transfers to allay any jurisdictional defect).