**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5144**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

IN THE MATTER OF THE SEARCH OF 235 SOUTH QUEEN STREET,
MARTINSBURG, WV,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  Frederick P.
Stamp, Jr., Senior District Judge.  (3:06-mj-00033-FPS-JES-1)

Argued:  September 25, 2008      Decided:  November 4, 2008

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.  Judge King wrote a
separate concurring opinion.

**ARGUED:** William Benjamin Moffitt, III, MOFFITT & BROADNAX,
Alexandria, Virginia, for Appellant.  Paul Thomas Camilletti,
OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West
Virginia; Randolph John Bernard, OFFICE OF THE UNITED STATES
ATTORNEY, Wheeling, West Virginia, for Appellee.  **ON BRIEF:**
Sharon L. Potter, United States Attorney, Wheeling, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant was indicted on various charges stemming from her alleged scheme to defraud the government by over-billing for her legal services to a federally subsidized program. The United States sought access to her closed case files and electronic records. Appellant argued in response that the documents were protected by various privileges, specifically the attorney-client privilege, the work product privilege, and the Fifth Amendment privilege. The district court issued an order rejecting Appellant's assertions of privilege and this appeal followed.

Because Appellant retains possession of the disputed documents and has not been cited with civil contempt for her refusal to turn them over, this case presents an interlocutory appeal over which we lack jurisdiction. Accordingly, we dismiss.[1]

I.

Appellant is an attorney licensed to practice in West Virginia. On December 22, 2005, Appellant incorporated her law

---

[1]Appellant also raises the issue of whether the subpoenas, and subsequent court orders, ordering production of the disputed documents are moot. Because we dismiss for lack of jurisdiction, we do not reach this issue.

practice into a Professional Limited Liability Corporation ("PLLC"). During the fall of 2006, the United States Attorney's Office began an investigation of Appellant's possible fraudulent billing of the West Virginia Public Defender Services. On November 17, 2006, a search team executed a search warrant at Appellant's law office. The search team failed to find all of Appellant's closed case files and electronic records. On November 16 and 17, 2006, the investigating grand jury issued two subpoenas *duces tecum* ordering Appellant to appear on December 5, 2006, bringing all her closed case files, her server and her backup hard drive. Appellant failed to appear.

Appellant subsequently sent a letter to the United States Attorney's Office, invoking her Fifth Amendment privilege against self-incrimination as to the act of producing the subpoenaed materials. The United States filed a motion to compel production of the materials sought, which the district court granted. Various motions, including Appellant's requests for clarification and the United States' motion to show cause, followed. While these motions were pending, the grand jury that had issued the subpoenas on November 16 and 17, 2006 indicted Appellant on mail fraud, wire fraud and conspiracy. Thereafter,

3

the grand jury's term expired and no new grand jury was empaneled.[2]

On July 11, 2007, the magistrate judge to whom the matter was referred issued an order ruling on the attorney-client and work product privileges for the various categories of subpoenaed documents. The magistrate judge dismissed without prejudice the government's claim that the crime-fraud exception vitiated these privileges. The magistrate judge found that, on the evidence presented, the government had not established a prima facie case of fraud.[3] The magistrate judge further held that, because Appellant incorporated her law practice as a PLLC on December 22, 2005, the Fifth Amendment act of production privilege does not apply to corporate documents created or received after that

_____

[2]On July 10, 2007, the United States served a trial subpoena *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c) for the same disputed documents for use in a related criminal case. (Apparently there were clerical errors on the subpoena which made it technically impossible to comply with.) On July 11, 2007, Appellant filed a motion to quash the subpoena, claiming that the United States was improperly using its subpoena power as a discovery device. The issue of whether the July 10, 2007 trial subpoena should be quashed or modified is not currently before this court.

[3]The government later submitted a supplemental memorandum, together with several exhibits, in support of the application of crime-fraud exception. These filings formed the basis of the district court's November 19, 2007 ruling on the crime-fraud exception.

date.   Appellant filed several objections to the magistrate judge's order.

On November 19, 2007, the district court entered an order holding, in part, that the crime-fraud exception vitiated Appellant's attorney-client and work product privileges with respect to the disputed documents and that Appellant had no Fifth Amendment privilege with regard to corporate documents created or received on or after December 22, 2005, as the privilege does not apply to corporations.   The appeal before us was taken from this order.

As of the date of oral argument, however, Appellant retained possession of the disputed documents and no civil contempt order had been filed against her.   As discussed below, under controlling precedent such an appeal is interlocutory and must be dismissed for lack of jurisdiction.

II.

With certain narrow exceptions, the appellate jurisdiction of this court extends only to appeals from final orders of a district court.   28 U.S.C.A § 1291 (2006) ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . ."); see Cobbledick v. United States, 309 U.S. 323, 324-25 (1940); In re Carefirst of Md., Inc., 305 F.3d 253, 255 (4th Cir. 2002).

Generally, for purposes of section 1291, a district court order is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945) (citation omitted). So long as the matter remains unfinished, open, or inconclusive, there may not be any intrusion by appeal.  Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).  The purpose of this final judgment rule is to combine in one review all reviewable stages of the proceeding in order to enhance the effective administration of justice, preventing the harassment and cost of interlocutory appeals from enfeebling the justice system.[4]  See Cohen, 337 U.S. at 546; Cobbledick, 309 U.S. at 325.

Under the "collateral order doctrine", however, interlocutory appeals are allowed in a small class of decisions that "finally determine claims of right separable from, and

---

[4]The Second Circuit has further expounded on the reasons for the statutory requirement of finality for appealability:  "the elimination of unnecessary appeals, since the complaining party may win the case or settle it; the absence of irreparable harm from the vast majority of orders requiring production of documents; the potential for harassment of litigants by nuisance appeals, and the fact that any appeal tends to delay or deter trial or settlement of a lawsuit; the burden on the reviewing court's docket from appeals of housekeeping matters in the district courts; and the slim chance for reversal of all but the most unusual discovery orders."  Am. Express Warehousing, Ltd. v Transamerica Ins. Co., 380 F.2d 277, 280 (2d Cir. 1967).

collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen, 337 U.S. at 546. For a collateral order to be immediately reviewable, it must meet three stringent conditions: the order must "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Will v. Hancock, 546 U.S. 345, 349 (2006) (quotation marks and citations omitted). An order that fails to meet any one of these requirements is not immediately appealable. See Carefirst, 305 F.3d at 258. An order is "effectively unreviewable" only if the order at issue involves an asserted right "the legal and practical value of which would be destroyed if it were not vindicated before trial." Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 498-99 (1989) (quotation marks and citations omitted). Further, the value of the asserted right must be "of a high order." Will, 546 U.S. at 352-53. It is not the mere avoidance of trial through an interlocutory appeal that counts when asking whether an order is effectively unreviewable if review is left until later, but rather what counts is the "avoidance of a trial *that would imperil a substantial public interest.*" Id. (citation omitted) (emphasis added).

7

The Supreme Court has on several occasions dealt specifically with the appealability of discovery orders. In Alexander v. United States, 201 U.S. 117 (1906), the Court held that a federal circuit court's order directing a witness to answer questions and produce documents before a special examiner lacked the finality requisite for appeal. Id. at 121-22. Only if the witness refused to comply and was held in contempt would the right to appeal arise. Id. Similarly, in Cobbledick, the Court held that a witness ordered to testify in a grand jury proceeding has no right of appeal "until the witness chooses to disobey and is committed for contempt." 309 U.S. at 328; see also United States v. Ryan, 402 U.S. 530, 532-33 (1971) (holding that the respondent may refuse to comply with an order for production before a grand jury and litigate those issues if contempt or similar proceedings are brought against him; if his contentions are rejected by the trial court, they will only then be ripe for appellate review).[5] Citing Alexander, Ryan and Cobbledick, this court has held, "Orders enforcing subpoenas

_____

[5]In Perlman v. United States, 247 U.S. 7, 12-13 (1918), the Court allowed immediate review of an order *directing a third party* to produce documents that belonged to the appellant, Perlman. Id. at 12-13. Perlman claimed that these documents were immune from production. Id. To have denied review would have left Perlman without recourse because the third party could not have been expected to risk a contempt citation in order to secure for Perlman an opportunity for judicial review. Id.; see also Ryan, 402 U.S. at 532.

8

issued in connection with civil and criminal actions, or with grand jury proceedings, are normally not considered final. To obtain immediate review of such a district court enforcement order, the party to whom it is issued must defy it so that a contempt order, which is considered final, is entered against him." Reich v. Nat'l Eng'g & Contracting Co., 13 F.3d 93, 95 (4th Cir. 1993) (citations omitted); see also In re Subpoena Duces Tecum, 228 F.3d 341, 345 (4th Cir. 2000).

In the instant case, the district court's order of November 19, 2007, holding that Appellant's claims to various privileges were either vitiated or inapplicable and ordering the production of the disputed documents, was not a final order. Rather, it was a single phase in the drawn out criminal investigation into Appellant's billing activities. Therefore, the only way that the order is immediately appealable is if it fits within the "collateral order doctrine."

Since Appellant retains possession and control over the disputed documents (making Perlman inapplicable) and she has not been held in contempt for refusing to produce the documents, this court's precedent controls. See Reich, 13 F.3d at 95. There can be no immediate review of the district court's order since it is part of an ongoing dispute and Appellant has not been held in contempt for her failure to comply.

III.

Because Appellant's appeal is not from a final order and does not meet the requirements of the collateral order doctrine, this court lacks appellate jurisdiction.  Accordingly, the appeal is

DISMISSED.

KING, Circuit Judge, concurring:

I write separately to express my considered view that the lawyering in this case has resulted in a waste of judicial and legal resources.

Put succinctly, at oral argument the government abruptly abandoned its earlier position on the viability of the subpoenas and this entire proceeding — conceding that they are moot (and that this appeal is merely an "academic exercise") because the grand jury expired after the defendant was indicted. The government had theretofore — in both the district court and its appellate brief — consistently maintained to the contrary. Thus, if the government's mootness position had been recognized and adopted in a timely manner, this proceeding would not have occurred. In any event, the prosecution does not bear all the blame. If the defense had conducted some elementary research, it would have recognized the jurisdictional problems underlying its effort to pursue an interlocutory appeal.

Finally, the failures of the lawyers to recognize the obstacles attendant to their respective positions were further emphasized at oral argument. When the government's lawyer was asked by our presiding judge whether the lawyers had "talk[ed] to each other," his response was simply "never." Such a lack of communication between counsel seems inexcusable, and we are entitled to expect more.

11

That said, I agree that this appeal must be dismissed for lack of jurisdiction and thus concur.