FILED
United States Court of Appeals
Tenth Circuit

January 11, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

NORMAN A. PARADA,

     Defendant-Appellant.

No. 20-3244
(D.C. No. 5:03-CR-40053-JAR-l)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BACHARACH, SEYMOUR,** and **PHILLIPS,** Circuit Judges.

---

Norman A. Parada was convicted of possession with intent to distribute more than

100 grams or more of Phencyclidine, commonly known as PCP, in violation of 21 U.S.C.

§ 841(a)(1), and of conspiracy to distribute the same in violation of 21 U.S.C. § 846.

The district court sentenced him to concurrent 405-month prison terms, later reduced to

327-month terms due to a retroactive change in the sentencing law and a resulting

---

[*]    This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions set forth in 10th Cir. R. 32.1.

amended offense level.    Mr. Parada subsequently sought to further reduce his sentence by filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).    Citing an outbreak of COVID-19 in the prison where he is held, Mr. Parada alleged that he contracted the disease because the Bureau of Prisons failed to take adequate precautions. He also suffers ongoing complications due to numerous risk factors and preexisting maladies such as stage two kidney disease (not requiring dialysis), unspecified intestinal and bladder issues, migraines, PTSD, and blindness in one eye.    Rec., vol. I at 191. With a current release date of June 27, 2026, Mr. Parada sought reduction of his sentence to time served, arguing that the virus presents an ongoing health risk from which the Bureau of Prisons has demonstrated itself incapable of protecting him.

Although the district court found that Mr. Parada's medical conditions and COVID-19 status established "extraordinary and compelling circumstances," it denied his motion based on considerations of other statutory factors under 18 U.S.C. § 3553(a). On appeal, Mr. Parada contends that the district court abused its discretion by relying on irrelevant considerations and unsupported facts, more specifically, that it erred in allegedly making compassionate release contingent upon proof of citizenship. Assuming jurisdiction under 28 U.S.C. § 1291, we affirm.

Standard of Review

We review for abuse of discretion a district court's denial of relief on a § 3582 (c)(1)(A) motion.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

2

A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact.   *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013).

## Statutory Standard for Compassionate Release

District courts are ordinarily forbidden from modifying a term of imprisonment once it has been imposed.   *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (citing *Freeman v. United States*, 564 U.S. 522, 526 (2011)).   Congress carved out an exception to the general rule of finality in 18 U.S.C § 3582(c)(1)(A).   Frequently referred to as the compassionate release statute, it provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   § 3582(c)(1)(A). Thus, compassionate release is permissible when

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).   When any of the prerequisites listed in § 3582(c)(1)(A) is lacking, a district court may deny compassionate

3

release without addressing the others.   *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021); *see also Hald,* 8 F.4th at 942–43.

Potentially relevant § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to comply with the aims of sentencing (i.e., to provide just punishment, adequate deterrence, incapacitation, and rehabilitation); (3) the recommended sentencing range under the guidelines, and (4) the need to avoid unwarranted sentence disparities among similarly situated defendants.   *See* 18 U.S.C. § 3553(a).

Analysis

The district court denied relief to Mr. Parada under the third prong of the compassionate-release analysis, concluding that "[a]pplication of the § 3553(a) factors strongly militate[d] against reducing Parada's sentence to time-served."   Rec., vol. I at 192.   Specifically, the court cited the large quantity of PCP (340 grams) that he possessed and was conspiring to distribute, the fact that he was already on probation for drug possession at the time he committed his offenses, his substantial criminal history in general, and the significant gap between the applicable guideline range (262 to 327 months) and the time he had actually served (206 months).   *Id.* at 192–93.

The crux of this appeal revolves around the district court's comments relating to Mr. Parada's history of using multiple identities, including fabricated government documents, which "ma[de] it difficult to verify his true identity, citizenship, or otherwise

4

verify his location at any given time." *Id.* at 193.    More specifically, the court noted

that, according to the probation office, Mr. Parada's identity remained unconfirmed:

> Thus, there remain serious questions about Parada's identity and
> citizenship – until he can himself establish that he is in fact Norman Parada
> and that he is a United States citizen, reduction of his sentence to time-
> served would run counter to the need to promote respect for the law and
> protect the public.

*Id.*    On appeal, Mr. Parada ignores all other factors considered by the district court and

makes the narrow argument that the court abused its discretion by making compassionate

release contingent on proof of citizenship and by relying on unsupported facts, namely

that Mr. Parada's identity remains in question.    We do not view the court's decision

making so narrowly.

The district court denied Mr. Parada's motion for compassionate release based on

its determination that "reducing his current sentence by approximately one-fourth would

produce a sentence that no longer reflects the seriousness of Parada's criminal conduct,

nor furnishes adequate deterrence to criminal conduct or provides just punishment."

Rec., vol. I at 193.    These are all valid considerations under § 3553(a).    The district

court thus cited many reasons why, under § 3553(a), Mr. Parada's release for time served

would be inappropriate.    Its concerns regarding his identity and citizenship were only

part of the consideration.    Moreover, the court's comments on this point were somewhat

ambiguous.    While the court mentioned its concerns about Mr. Parada's citizenship, it

expressly acknowledged "that citizenship is not a requirement for compassionate

release." *Id.* at 193 n.55.

The district court's concerns regarding Mr. Parada's repeated identity obfuscations certainly were valid.    The presentence investigation revealed that over the course of his life, Mr. Parada has used at least fifteen aliases and multiple dates of birth.    Rec., vol. II at 8, 10, 21.    At the time of his initial presentence interviews in December of 2003 and again in January of 2004, Mr. Parada provided an incorrect social security number, resulting in a two-level enhancement for obstruction of justice.    *Id*. at 8.    Moreover, his arrest records showed that he had repeatedly reported different places of birth to law enforcement.    *Id*. at 21.    In Washington, D.C., he said he was born in California.    In North Carolina, he said he was born in Washington, D.C.    In Virginia, he said he was born in New York.

The assertion that the court made compassionate release singularly contingent upon proof of citizenship is a distortion of the court's full analysis of the 18 U.S.C. § 3553(a) factors.    Based on the entire record, in context, we cannot say that the district court based its decision on an incorrect conclusion of law or a clearly erroneous finding of fact.

Accordingly, we affirm.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

6

*United States v. Parada*, No. 20-3244
**BACHARACH**, J., dissenting

I respectfully dissent. The district court bears considerable discretion in deciding whether to grant early release based on extraordinary and compelling circumstances. But here, the district court's explanation was internally inconsistent. The internal inconsistency requires a remand for clarification. *See Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 45 (10th Cir. 2006) ("Ordinarily, an appellate court confronted with an internally inconsistent order would vacate the offending order and return the case to the authoring court for clarification.").

The court pointed to substantial questions about the defendant's identity, and these questions could support the denial of early release. But the court also appeared to rely on doubts about the defendant's citizenship. The court recognized that citizenship in the United States is not required for early release. Appellant's App'x, vol. I at 193 n.55. But the court also said that until the defendant proves citizenship in the United States, reduction in his sentence to time served would diminish respect for the law. *Id.* at 193. In my view, the court lacks support for this rationale.

The record contains no reason to question the defendant's citizenship in the United States. Even if he were not a U.S. citizen, however, the district court didn't explain why reduction of the sentence to time served would diminish respect for the law.

The court pointed out that if the defendant were released, he planned to live with his step-sister. But the court also said that if the defendant were not a U.S. citizen, he would immediately enter federal custody. *Id n.55*. Why? There's no evidence of a detainer. *See generally* 8 C.F.R. § 287.7(a). Without a detainer, early release would allow the defendant to live wherever he wanted. The district court appeared to assume not only that a question existed about the defendant's citizenship but also that a detainer would prevent release. These assumptions lack any support in the record.

In the absence of the discussion about citizenship, the court could still have denied early release based on doubts about the defendant's identity. But the court coupled this concern with unfounded doubts about the defendant's citizenship and ability to reside with his step-sister. The majority thus characterizes the district court's explanation as "somewhat ambiguous." Maj. Order & Judgment at 5. Given that ambiguity, we have no way of knowing whether the district court would have denied early release based solely on questions about the defendant's identity. I would thus remand for the district court to reconsider early release either without considering doubts about the defendant's citizenship or with additional explanation for doubting his ability to reside with his step-sister. *See Zzyym v. Pompeo*, 958 F.3d 1014, 1033–34 (10th Cir. 2020) (remanding an

2

administrative decision when the agency gave some reasons that were valid and some that were invalid).