NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAUSTIN LEE MCLAUGHLIN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1522

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00141-RAH, Judge Richard A. Hertling.

---

PER CURIAM.

### O R D E R

Caustin Lee McLaughlin appeals from the United States Court of Federal Claims's order transferring his case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1631.  We directed the parties to address this court's jurisdiction, and in response the United States urges dismissal.  Mr. McLaughlin has not filed a response.

This court ordinarily only has jurisdiction to review a "final decision" of the Court of Federal Claims, 28 U.S.C. § 1295(a)(3), which is one that "ends the litigation on the

2                                                    MCLAUGHLIN v. US

merits and leaves nothing for the court to do but execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945).  The transfer order did not end the litigation, which instead proceeds in the District of Maryland.  *See Subsalve USA Corp. v. Watson Mfg., Inc.*, 462 F.3d 41, 47 (1st Cir. 2006) ("[E]very court of appeals to have confronted [the issue] has concluded that section 1631 transfer orders are not immediately appealable." (collecting cases)).

Mr. McLaughlin cites no source of authority that would authorize such interlocutory review.  The Court of Federal Claims has not certified the interlocutory order for immediate appeal.  28 U.S.C. § 1292(d)(2).  And while 28 U.S.C. § 1292(d)(4)(A) provides this court with jurisdiction to review a district court order regarding transfer to the Court of Federal Claims, that statute does not authorize our review of a Court of Federal Claims order transferring to district court.  *Emiabata v. United States*, No. 2021-1703, 2022 WL 1055435, at *3 (Fed. Cir. Apr. 8, 2022).

Accordingly

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 16, 2025
    Date